*ALBANY.*

*Laight & ors.*
*v.*
*Morgan & ors.*

intent solely thereby to obtain payment or security from the *factor* being, as against the *principal*, *fraudulent*.

Motion refused.

### (COURT OF ERRORS.)

### William Laight and others *against* John Morgan and others.

Where a bill seeks an examination of witnesses *de bene esse*, on account of age, &c. an affidavit of the facts on which the application is founded, is necessary. So on a bill to have a title established, and for quiet possession; for whenever a bill seeks to transfer a matter cognisable by law to chancery, an affidavit of the facts, on which it is required, should be stated. When a bill requires an affidavit to some parts, and not to others, a demurrer to the whole for want of that affidavit is bad.

THE substance and points of this case are so well stated in the decision of the court, that it is unnecessary to do more than give the opinion on which it was pronounced.

KENT, J.   The bill of complaint in the cause, appears to have had three objects, viz.

To obtain a discovery of facts from the defendants ; to perpetuate testimony ; and to obtain specific relief.

Upon the demurrer to the whole bill, there were seven causes of demurrer assigned.   The three last causes were assigned in the same words, as in the similar case of *Le Roy and others* v. *Service and others*, which was before the court the last year, and by the decision then, are to be deemed as having been overruled.   The fourth cause of demurrer, was abandoned by the counsel for the respondents upon the argument as untenable.   If the third cause be not equally so, it is, perhaps, not material in the present case, since, as I shall presently show, the decision of this cause finally depends upon this single point, viz. if *any part* of the bill requires an answer, is a demurrer to the *whole* bill good ?

I confine myself, therefore, to the consideration of these two questions, as arising out of the two first causes of demurrer.

1. To what objects, if any, in the bill, was an affidavit requisite.

2. If not for every object, is a demurrer to the whole bill, for the want of such affidavit, maintainable ?

1. The bill alleges the loss of papers material to the complainants' title, and seeks a discovery concerning them from the defendants. This is a matter within the ordinary and proper jurisdiction of a court of equity, and so far it is conceded that the bill did not require an affidavit. The bill further seeks for the examination *de bene esse* of witnesses, who are alleged to be aged or infirm, or resident abroad, and for this purpose, I conceive that an affidavit was requisite, by the practice of the court, stating generally, the age, infirmity, and place of residence of the witnesses, and as no affidavit of this kind was put in during any stage of the cause, a demurrer to that part of the bill, might have been good. The bill finally prays to have the title of the complainants to two tracts of land established, and quiet possession given to them. This is a matter properly of legal jurisdiction, and relievable by the courts of common law; and, for this reason, I deem an affidavit to the truth of the material facts stated in the bill, to have been requisite.

It appears to me to be an established, as well as a reasonable and fit rule, that whenever a bill seeks to transfer to chancery, a question properly cognisable by the courts of law, the facts rendering such transfer proper, must be verified by oath; so that a suitor shall not, upon mere suggestion or pretext, break in

X x

ALBANY.

Laight and ors.
v.
Morgan & ors.

upon and disturb the settled boundaries of the courts of justice.

As, therefore, the bill in respect to one object, the discovery, did not require an affidavit, and in respect to the other two objects, to wit, the examination of witnesses, and the relief, did require one, this leads me to consider,

2. The second question, viz. whether a demurrer to the whole bill, for the want of such affidavit, be good.

It is an established and convenient rule of pleading, in chancery, that you may meet a complainant's bill by several modes of defence. You may demur to one part, answer to another, plead to a third, and disclaim to a fourth part of the bill. If, therefore, a bill seeks a discovery of a matter which is proper, and likewise seeks discovery of other matter, which is not proper; as, for instance, matter which would charge the defendant with a crime, the defendant must answer to the proper, and may demur to the improper questions put to him, or he may answer to the proper questions, taking no notice of the residue. So, if a bill, as in the present case, seeks for a discovery, and also for relief, consequential to such discovery, the bill being good for the one object, without affidavit, and not for the other, the defendant ought to meet the *sound* part of the bill by an answer, and be left to his own option whether he will demur or not, to the other part.

I do not find any authoritative rule declaring that if a bill be bad in part only, and good in other parts, the whole bill thereby becomes vitiated, and will be dismissed on a general demurrer. The settled rule is most assuredly otherwise, and a bill, combining

discovery and relief, without affidavit, though liable to demurrer, as to the relief sought, shall, nevertheless, be retained and supported for the purpose of discovery.

A different rule would be very inconvenient and unnecessarily grievous. To support a demurrer to a whole bill, when part of it, had that part been separate and distinct, would have required an answer, is to send a party back to travel the same ground over again, with much expense and loss of time, and to no useful purpose. He must file the same bill anew, with the omission only, of the exceptionable prayers, and repeat the former process for bringing the defendant into court, who, when he arrives, will be in no better situation, than he was before ; since the same answer, which might have been sufficient, and the same consequences which the defendant might have commanded *then,* must follow *now.*.

I am, accordingly, of opinion, that the demurrer which, instead of being confined to the exceptionable parts of the bill, went to the whole bill, ought to have been overruled, and, consequently, that the decree of the court of chancery, allowing the demurrer of the respondents, and dismissing the bill of the appellants, must be reversed.

Judgment of reversal unanimously.

N. B. LANSING, C. J. though he coincided in the judgment of the court, said, that a bill for discovery and relief, without affidavit, was a *nullity* and a general demurrer to the *whole bill good.*