UTICA,
Aug. 1824.

Williams
v.
Matthews.

## WILLIAMS against MATTHEWS.

Where a witness is called, and, on objection to his competency, is put on his voir dire, and answers generally, that he is interested, he should be rejected. If the party calling him wishes to shew the nature of the interest, as that it is ideal, or such as will not exclude the witness, he should follow up the examination with particular questions.

One who held a note endorsed in blank, and sold it to another, without endorsing it, is, after the executoin of the note is proved, a competent witness for the holder, in an action by him against the endorser.

W. purchased a note of M. who endorsed it in blank, before due ; W. sold it to another before due, who charged the endorser by demand and notice, &c. ; and after it was due, W. re-purchased it, and sold it to I.; held that I. might maintain an action on the note against the endorser in his (I's) own name.

A note is endorsed, and dishonored, and the endorser charged by demand and notice ; this is no objection to a further negotiation of the note, and any subsequent holder may sue in his own name, either the maker or the endorser who has been so charged ; and the original demand of the maker, and notice to the endorser, enures to the benefit of all subsequent holders.

The only difference between negotiable paper which has been dishonored and that which is not yet due, is, that the former must be taken subject to all the equities existing between those who were parties before the paper became due.

The holder of a note endorsed in blank may fill it up before, or at the trial, with what name he pleases. Other parties to the note (e. g. a prior endorser) have no concern with this question.

Construction of the act (1 R. L. 417,) prohibiting an attorney to buy a chose in action for prosecution. To bring an attorney within the act, there must have been an intent to prosecute.

A count by endorsee against endorser, averring a demand of payment, and notice of non-payment, in the usual form, is satisfied by proving a state of facts which dispenses with actual demand, &c. and shewing due diligence, &c. The facts need not be specially stated in pleading.

A demand of payment, and notice of non-payment should be made and given by the holder of a note or his agent.

Where the 3d day of grace is Saturday, notice of non-payment need not be given till Monday.

ERROR from the Court of Common Pleas of the county of Washington. Williams, the plaintiff below, declared as endorsee, against Matthews, the defendant below, as endorser of a promissory note, made by Abner & Hugh Harsha, dated April 9th, 1815, for $73 with interest from the date, payable to the defendant, or order, on or before the 1st November (then) next. The first count of the declaration set forth a demand of the makers, and notice thereof, and of non-payment, in the usual form, upon the 4th November, 1815. The 2d count averred that before the note fell due, H. Harsha absconded, &c. and then set forth the demand upon A. Harsha, in the usual form, on the 4th, and notice on the 6th November, 1815. Plea, non-assumpsit. On the trial, the plaintiff proved the execution of the note by the makers, and the

endorsement of the defendant's name on the note in blank. He then offered to prove that *A. Harsha*, one of the makers, was an infant at the date of the note, but this being objected to, the Court overruled the evidence. He then called *A. Harsha*, one of the makers of the note, who was sworn on his *voir dire*. He said that he was interested, and objected to testifying. The defendant also objected to his admissibility on the ground of interest. The plaintiff then offe·ed to confine the inquiry to the fact, that a demand of payment was made; but the defendant persisted in his objection, and the Court sustained it; and would not permit the witness to be sworn. The plaintiff then called the Attorney for the plaintiff, who was sworn on his *voir dire*, and said that he bought the note of the defendant before it fell due, and paid him $73 for it; and that, also before it fell due, he sold, and transferred it to a third person, who is not the plaintiff; that after it fell due, it came again into his hand, and he commenced a suit upon it, in the name of one *Seth White*, against the defendant; that the witness had the sole control of the note at the time the suit was commenced in the name of *White*, and that *White* had nothing to do with it. That suit was discontinued, and in *September*, 1817, the note became the property of the plaintiff, who had no interest in it before that time. The note was then sold to the plaintiff by the witness; that the plaintiff is, and was then an Attorney both in the Common Pleas of *Washington* county and the Supreme Court. The witness was then sworn in chief; and the plaintiff offered to prove by him that the note was endorsed to him, the witness, before it fell due; that, on the 3d day of grace, payment was demanded of *A. Harsha* by him, *H. Harsha*, the other maker, having absconded before the note fell due; and that on the succeeding day, after demand had been made, he, the witness, gave notice to the defendant of the demand and non-payment; and that, before the commencement of this suit, the money was again demanded of the defendant, by the plaintiff's direction. The witness then stated on his examination in chief, that the relation given by him upon his *voir dire* was true; whereupon the defendant's counsel objected to the

evidence offered; and the Court sustained the objection, and nonsuited the plaintiff. The plaintiff's counsel excepted to these several decisions of the Court below, and the cause came here upon a bill of exceptions.

*I. Williams*, for the plaintiff in error. 1. Proof of *A. Harsha's* infancy was improperly rejected. A promissory note made by an infant is void; and demand of payment in such a case is not necessary to charge an indorser.(a) This proof followed, as it was intended to be, by the fact of *H. Harsha's* absconding, would render a demand of payment wholly unnecessary. The declaration is special and warrants this proof.

*(a) Chit. on Bills, 20. 10 John. 33.*

2. *A. Harsha* was improperly rejected, as a witness. No interest is shewn other than that growing out of his relation to the parties as maker, which left him indifferent between them.(b) If the plaintiff will waive the interest of a witness against him, the latter cannot object on account of his own interest.(c) *Harsha* could have no interest in favor of the plaintiff, nor against himself, in the fact which he was called to prove.(d) The Court should have ascertained that there was an interest; and that it was not merely ideal, before they rejected the witness. If it was mere fancy (as it must have been in this case) he should have been sworn.(e)

*(b) 8 John. 428. 15 id. 270. 16 id. 70. 17 id. 176, 188.*
*(c) Peak. Ev. 192, 194.*
*(d) 2 Esp. N. P. 348. 4 Cranch, 69. 2 Root, 132. 3 T. R. 35, per Buller, J.*
*(e) Peak. Ev. 164. 8 John. 428.*

3. The Attorney for the plaintiff was competent to prove the facts offered to be shown in evidence by him; and his testimony was improperly overruled. Even an indorser may be admitted as a witness, and that too in behalf of the maker, to impeach the note, by facts arising subsequent to the time of its execution.(f) A payee of a note payable to bearer, or a third person, who has sold and transferred such a note, are not incompetent to shew any other fact beside the execution of the note. He is shut out from this solely on the ground that he has, impliedly, warranted the note to be genuine, not forged.(g) There being no other objection, when the execution of the note is proved, he is competent. But the witness offered in this case was not an endorser; and the objection was not even made to his competency; but related solely to the sufficiency of the matter proposed

*(f) 15 John. 240. 10 id. 231. Peak. N. P. C. 6. 3 John. Cas. 195, per Thompson, J.*

*(g) 15 John. 204. 16 id. 201.*

to be proved by him. The Court decided that this would not sustain the action. Had the decision relared to competency, on the ground of interest, the objection might have been removed by a release. In any point of view, however, interest cannot be objected here ; for, taking the examination upon the *voire dire*, in connexion with the offer of evidence, it is perfectly clear that the witness was not interested.

But the prominent point which the defendant in error probably intends to rely upon is, that the note could not be negotiated after the endorser was charged. In answer to this, we say, there is no legal objection to it, if it in fact remained unpaid to the time of the transfer (*h*) An endorser of a note for the accommodation of the maker, and without consideration, that fact being known to the endorser when he took the bill, is, notwithstanding, liable to the endorsee ; and that too even if the endorsee took the bill after it was due.(*i*) In *Lovell* v. *Evertson*,(*j*) the note was endorsed after it became due. In that case, this Court decided that when a note has been endorsed in blank, the owner had a right to fill it up with whose name he pleased; the defendant having nothing to do with the interest of the plaintiff. This point was also decided in 1800 by the Court of Errors, in *Cooper* v. *Kerr*.(*k*) The only objection to the transfer of a note after it becomes due is, that it subjects the holder to all equities in favor of the preceding parties.

Should the objection be made that the endorsement was not filled up in fact, we answer, that the objection was not made in the Court below ; and being merely formal, should not be listened to here.

If it should be said that the plaintiff purchased the note *mala fide*, with intention to sue, we answer, that a party is not to be charged with a crime on mere presumption ; but if otherwise, every presumption is repelled by the fact, that a third person is employed as the attorney to prosecute the suit, the plaintiff deriving no benefit to himself by way of costs ; and the money being demanded before this suit was brought. Again, if he intended to violate the statute, still he has a remedy to recover the note, the transaction being before the act of 1818. Indeed, the act of 1813, which

UTICA,
Aug. 1824.

Williams
v.
Matthews

(*h*) *Chit. on
Bills, ed.* 1809,
*p* 104. 1 *Show.*
163. 1 *T. R.*
430. *Bayl.* 38,
*n. d*)   *Doug.*
633.   *Kyd on
Bills,* 89.   3
*T. R.* 80.   1
*B. & P.* 398.
(*i*) 7 *John.
Rep* 361.   3
*hsp Rep.* 46.
1 *Taunt.* 224.
(*j*) 11 *John.*
52.

(*k*)   *Cited by
Kent, J* 3
*John. Cas.* 264.

alone can be objected here, was repealed by the act of 1818. The suit in favour of *White* is not brought to the plaintiff's knowledge.

*D. Russell & J. L. Viele,* contra. To dispense with a demand upon the maker, when he was accessible, it was not enough to shew that he was an infant. The note was not absolutely void for that reason, but continued good till the infant chose to avoid it. The law regards his interest alone in saying that it is void. As to all the other parties it is good. To shew infancy ,was, therefore, no benefit to the plaintiff. An endorsement like this, always creates a mere contingent liability, resting upon the condition, that a demand shall be made of the maker. It does not follow, that he would have. availed himself of his infancy, or that he had not ample funds to pay the note.

*A. Harsha* was not a competent witness. On being asked the question, he answered generally, that he was interested. The Court are blamed for not pursuing the inquiry, and ascertaining whether the interest was fancied or real; but it is the counsel who was to blame. From the general answer, the Court will intend that it was an actual, legal interest, until the contrary is shewn by a particular explanation, which the witness should have been called on by the counsel to make. It does not follow that he could be interested merely as a party to the note. It might have arisen from some other transaction like the interest by which the witness was excluded in *Cowles* v. *Wilcox.*(*l*)

(*l*) 4⅞ *Day's Cas.* 108.

The attorney was not a competent witness. In the first place he had transferred the note to the plaintiff; and was responsible to him if it should prove inoperative, or the claim upon it should fail in any way.

But if *he* was competent, his *testimony* was not so, to sustain the action. He swears that he transferred the note before it was .due ; took it up, and then transferred it to the plaintiff after it fell due. To this testimony, an objection was made in gross, and the Court rejected it, for what reason does not appear. Indeed, the bill is so general, in this respect, that it is unavailable to the party. It presents

no single point, and draws in question the whole merits of the case.(m)  But suppose all the points now made, to be reached by it, the plaintiff could not recover. In one counrt, the notice of non-payment is averred to be on the 4th, in the other, the 6th of *November*, either of which is too late ; and the endorser was discharged.

Again ; after the note had been taken up by *Williams*, supposing the notice to have been regular, it could not be transferred again.  The rights of the endorsee, who fixed the endorser by notice, were personal.  To make a demand and notice enure to the benefit of any endorsee, he should hold the note, or his name should appear upon it previous to, or at the time the notice is given.  A demand and notice cannot enure to the benefit of any one who is not a party when those steps are taken.  The endorser engages that the maker shall honor the note ; but no case goes so far as to make the liability of an endorser negotiable, after the note has been dishonored.  The object of making a note negotiable at all, is to improve the facilities of commerce, by the circulation of commercial paper.  Is this object to be answered by dishonored paper, the abhorrence of commercial policy ?  Under such circumstances, the transfer creates a new contract, unknown to the commercial law, and operative between the immediate parties only, as in the transfer of a chose in action at the common law.  The law says, that in all cases, to charge the endorser, the holder or his agent, must make the demand.(n)  Here the necessity and the right of a demand by the plaintiff, had ceased.  He did not hold in a commercial character.  The right of action as between holder and endorser, depends upon the privity of contract, and this contract is always, that a demand shall be made, and notice of non-payment given by the holder.  Thus, where there are three endorsers, a demand of payment and notice by the second will not enure to the benefit of the third.(o)  But a notice from a fifth endorsee to the first endorser, will enure to the benefit of all the intermediate endorsers.(p)  Yet, in the latter case, it could avail nothing, if notice was already given before the endorsement, for it was no longer a benefit to the endorser.

UTICA,
Aug. 1824.

Williams
v.
Matthews.

(m) 2 *Caines'*
*Rep.* 168.  5
*John.  Rep.*
467.  8    *id.*
495.  1 *Bac.*
*Abr.* 528.

(n) *Kyd on*
*Bills,*   125,
126. *Chit. on*
*B.lls,* 145, *and*
*cases there ci-*
*ted.*

(o) *Kyd on*
*Bills,*   117.
*Chit. on Bills,*
240, 241.
(p) *id.  ibid.*

UTICA,
Aug. 1824.

Williams
v.
Matthews.

(q) 3 Mass.
Rep. 556.
(r) 8 id 465.
s) 1 R. L.
417, s. 7.
(t) 2 Caines'
Rep. 147. 1
Com. on Cont.
30.    Cowp.
343. 3 T. R.
23, 454. 5 id.
600. 5 John.
Rep. 333.

Again ; this note has been paid and taken up by the endorser. This is plainly inferrible from the case, where we find it coming back into his hands ; and the ngotiability of the note was at an end within the cases of *Blake* v. *Sewall*,(q) and *Boylston* v. *Green.*(r)

That the note had been purchased by an attorney, was alone a sufficient objection to the recovery ; unless he shows. that he bought it in a manner consistent with the act of 1813.(s) No contract can avail, if it be in violation of a publick statute.(t)

Nor does it appear that the notice of non-payment, given in this case, was sufficient. A simple notice that the money had been demanded, and not paid, was not enough. It should not only be given by the holder, or one authorized by him ; but apprize the endorser that he is to be looked to for payment.

Again ; the endorsement was originally in blank, and remained so ; and remains so still. The plaintiff could not recover upon it, until it was filled up. Whoever might hold the note would have the same right to an action as the plaintiff. His name should have been inserted, either at or before the trial. This not being done, his case was not made out, and he was rightly non-suited.

*Williams*, in reply, said the demand and notice were rightly stated in the declaration. The note being nominally payable on the 1st of *November*, the 3d day of grace was the 4th. But the notice was in truth given on the 6th, because the 3d day of grace was on *Saturday*, a circumstance which entitled the holder to delay notice till *Monday*, which brought the time to the 6th. The second count was drawn with a view to this state of facts.

*Curia, per* WOODWORTH, J. The plaintiff declared against the defendant as endorser of a promissory note, made by *Abner Harsha*, and *Hugh Harsha*, payable on the 1st *November*, 1815. The first count avers a demand of payment on the 4th *November*, and notice to the endorser. The second count avers, that before the note fell due, *Hugh*

*Harsha* absconded to places unknown, and afterwards, on the *4th November*, payment was demanded of *Abner Harsha*, and notice given to the defendant, on the *6th* day of *November.* At the trial, the plaintiff offered to prove that *Abner Harsha*, at the time of making the note, was an infant, which was overruled. *Abner Harsha* was then offered as a witness, who being sworn on his *voire dire*, testified that he was interested in the event of the suit. The plaintiff proposed to confine the inquiry to the fact of demanding payment; but the testimony was rejected.

*William Williams*, attorney for the plaintiff, sworn on his *voire dire*, testified, that he bought the note in question of the defendant, and paid $73 ; before it fell due, he sold it to a third person, who was not the plaintiff; that after it fell due, it came into his hands again. He commenced a suit in the name of *Seth White*, who had nothing to do with the suit, the witness having the sole control of the note. The suit was discontinued. In *September*, 1817, the note became the property of the plaintiff, for whom the witness commenced this action. The witness was then sworn in chief. The plaintiff offered to prove, that payment was demanded by him on the third day of grace of *Abner Harsha;* that *Hugh Harsha* had absconded before the note fell due ; that on the day after the demand, the witness gave notice of non-payment to the defendant. The witness then stated that the plaintiff first acquired an interest in the note in *September*, 1817, and that the relation given by him on his *voire dire* was true. The defendant objected to the evidence. The Court sustained the objection, and the plaintiff offering no other testimony, directed him to be non-suited. The plaintiff excepted to the opinion of the Court on all the preceding points.

The Court decided correctly in rejecting the testimony of *Abner Harsha :* whether he had an interest favourable to the plaintiff or defendant, does not appear ; and without further explanation, the Court had no means of judging. The plaintiff might have pursued the inquiry, and ascertained the nature of the interest ; and if it had then appeared that the interest was merely ideal, or against the party call-

ing him, he ought to have been admitted. (8 *John.* 428.) Without doubt, the Court were authorized to require from the witness a statement of the nature of his interest; but this was discretionary, and does not seem to have been called for. The plaintiff acquiesced in the general answer.

The evidence of *Williams* ought to have been received. He passed the note to the plaintiff on the original indorsement; but, the execution by the makers being established, it does not appear that he had any interest in favour of the plaintiff's recovery. The evidence to prove a demand on one of the makers, and the absconding of the other, was relevant and material.

But it is urged, by the defendant's counsel, that the note was transferred to the plaintiff after it became due, and after it had been paid by the witness, *Williams*, and taken back by him; and, therefore, the plaintiff could not recover against the indorser, as upon a promissory note obtained before it became due; the right acquired by an indorsee, after having charged the indorser, not being transferable. It is a mistake to say that *Williams* had paid the note, and taken it back, whereby it lost its negotiability. The course of the transaction was this: *Williams* sold, and transferred the note to a third person, before it became due. After it became due, it came back to his hands; which does not imply a payment and taking up the note, but rather that he re-purchased it of the holder. He afterwards sold it to the plaintiff. There is no legal objection to the validity of the transfer of a note after due, provided it remain unpaid, by any of the parties, whether the transfer is made by indorsement or mere delivery. When the indorsee takes a note after due, it is presumed he was acquainted with, or had notice of the circumstances, which would affect the validity of the note, had it been in the hands of the person who was holder at the time it became due, and consequently must stand in the character of the person who was the holder at that time. (*Chitty on Bills*, 141, 142, *ed.* 1817. 7 *D. & E.* 430. 3 *D. & E.* 80. 1 *Campb.* 383.)

The note being indorsed in blank, the owner had a right to fill it up with what name he pleased : the defendant had

no concern with that question. (11 *John.* 53.) It was competent to fill up the blank on the trial ; but as the Court excluded the testimony, there was no necessity of doing so. A further answer is, that no objection was made on that ground.

It is also contended, that *Williams*, being an attorney, could not purchase the note, so as to maintain an action upon it, without shewing that his purchase was consistent with the provisions of the act on that subject. The act of *April* 21, 1818, has no connexion with this case, which must be governed by the 7th section of the act, (1 *R. L.* 417.) The former act was passed subsequent to the trial of this cause, and does not affect it. The latter declares, that if an attorney shall purchase a note with intent to commence a suit thereon, and shall commence such suit, he shall be deemed guilty of a misdemeanor. This statute puts the purchase upon the intent. The mere purchase cannot, I apprehend, warrant the conclusion, that it was for the purpose of prosecution. It might equally well have been for other lawful cause. But admitting that the mere purchase of the note was, *prima facie,* sufficient, it was not conclusive as to the intent. Had the cause progressed, and that point been raised afterwards, it would have been competent for the plaintiff to have rebutted the presumption, and shown the fairness of the transaction, and submitted the question of intent to the jury. But the conclusive answer to this objection is, that it cannot now be alleged to support the opinion of the Court below, in rejecting the testimony of *Williams.* The plaintiff was bound to prove a demand and notice. Without this he could not proceed a step. When he offers to prove it, it is premature to say, this evidence will answer no purpose, because the purchase was in violation of the statute. It could not, in that stage of the cause, be known what would be the result of the trial, on that point. It was open to proof, that might be subsequently introduced. It would, therefore, be both absurd and unjust, not to permit the party to make out one part of his case, because, perchance, the plaintiff might not be able to remove another difficulty lying in his way.

The only remaining inquiry is, whether the proof offered would support the declaration. The first count alleges a demand of payment, and notice to the defendant on the 4*th* *November*, 1815. On that day it became due and payable. The general principle is, that the holder must use due diligence ; for the indorser is only responsible after a default on the part of the maker. (2 *John. Cas.* 76. 2 *Caines,* 344.) In *Stewart* v. *Eden,* (2 *Caines,* 127) the declaration was in the common form, stating a demand on the maker, a refusal to pay, and notice to the indorser. It appeared that the makers could not be found at their store ; and a demand was made on their clerk. The Court considered the precise question raised here, that is to say, if the maker, when a note falls due, cannot be found, nor payment demanded of him personally, should not the declaration state this fact specially, instead of averring generally, that the note was presented and payment refused ? It was held, that evidence of due diligence in the holder to obtain payment, without an actual demand, will support the averment ; and under such a count the plaintiff may give evidence of any diligence which is deemed equivalent to an actual presentation of it to the maker. The same principle is recognized in *Saunderson* v. *Judge,* (2 *H. Bl.* 510) and *Ogden* v. *Conley,* (2 *John.* 274.)

But if the first count was objectionable, the second is special. It was, that *Hugh Harsha* had absconded ; that a demand on the maker was made on the 4*th*, and notice given to the indorser on the 6*th Nov.* This was not too late; for the 4*th Nov.* fell on *Saturday* in that year, so that the next legal day for serving notice was *Monday*, the 6*th.* (2 *Caines,* 343.) When the plaintiff offers to prove notice given the next day after the demand, it must be understood as intending the next day proper for the transaction of secular business. At least, it ought so to have been considered by the Court, until the plaintiff had been called on to answer whether, by the evidence, it was intended to prove notice on *Sunday.*

It is also objected, that a demand made by *Williams* could be of no avail, on the ground, it is presumed, that he was not the holder when the note fell due. Notice must, un-

doubtedly, be given by the holder or his agent. *Williams* sold the note before due ; but it is to be inferred, that he had the possession of it when he demanded payment, and must be considered the agent of the holder for that purpose, until it is shown he acted as a stranger, and without authority. We cannot pre-judge this question, previous to an inquiry, in what character and by what authority *Williams* acted. Had the evidence been admitted, the defendant might then have pursued the examination, and had it appeared, subsequently, that he did not stand in a situation to make a legal demand, the defendant would be entitled to the benefit of the objection. On the whole, I am of opinion that the judgment ought to be reversed, and a venire *de novo* issued by the *Washington* Common Pleas.

Judgment reversed.