## ALBERT MARWICK & al. vs. THE GEORGIA LUMBER COMPANY.

To exclude a witness from testifying, on the ground of interest, it must appear, that he has a legal and certain interest, in the event of the suit, or in the record. All other matters of influence affect the credit only.

The expression of a hope of future benefit from a result of the suit in favor of the party calling him, by a witness, who at the same time asserts that he has no legal claim, does not exclude him from testifying.

A witness, upon the *voire dire*, may be examined respecting the contents of written contracts or records not produced; but if produced, they may be examined; and if it appears thereby, that he is interested, he is incompetent to testify.

The assignment by a stockholder of his stock in an incorporated company to his creditor, the proceeds to go to the payment of a debt for which he is still liable, does not render him a competent witness for the company.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

Marwick v. Georgia Lumber Company.

The action was covenant broken. The defendants offered, as a witness, *William Cutter*, who, being inquired of by the plaintiffs, as to any interest he might have in the event of the suit, answered, under oath, that he had no interest; that he had formerly owned stock in the company; that being indebted, he had assigned, by an absolute transfer, his stock to a creditor, the proceeds of the stock to be applied, so far as they would go, toward paying the debt; that no part of the debt had been cancelled or discharged, but that he was still liable personally; that the stock formerly owned by him had been forfeited for nonpayment of an assessment, and had actually been sold as forfeited, by the secretary of the corporation, he, said *Cutter*, being present at the sale; that he did not consider himself as now having any interest; that he did not know that his assignees had relinquished their claim to the stock; and on being asked, whether he did not expect to receive benefit from the stock, at some future time, he answered, that he hoped to, but had no legal claim; that he sold his stock before the contract in question in this case was made. He was inquired of by the defendants, whether the sale of forfeited stock was not, by the regulations, and by a law of the company, to be made by the secretary. This question was objected to by the plaintiffs, and the Judge refused to allow it to be put. The Judge ruled, that the witness was interested, and could not be permitted to testify. The by-laws of the company had been introduced by the plaintiffs, and are referred to as part of the exceptions, but are not found in the papers which came into the possession of the Reporter. They are stated sufficiently in the opinion of the Court.

Other questions were presented in the exceptions, and were argued by the counsel in this Court, but as no opinion was given upon them, they are omitted.

The verdict was for the plaintiffs, and the defendants filed exceptions.

*Preble*, for the defendants, contended, that *Cutter* was improperly rejected as a witness, but cited no authorities on this point.

*S. Fessenden* and *W. P. Fessenden*, for the plaintiffs, contended that *Cutter* was rightly rejected; and cited 1 *Mass. R.* 239; 5 *Johns. R.* 411; *ib.* 256; 2 *Pick.* 240; 1 *Car. & P.*

253 ; 2 *Stark. Ev.* 746 ; 1 *Campb.* 37 ; 1 *Coxe*, 46 ; 1 *Dallas*, 62 ; 2 *Dallas*, 50 ; 2 *Cowen*, 526 ; 6 *Greenl.* 364.

The opinion of the Court was drawn up by

SHEPLEY J. — The corporation offered *William Cutter* as a witness, and he was excluded on the ground of interest. The proof of his interest was made on his examination upon the *voire dire*. He stated an assignment of his stock in the corporation as security for a debt, but that did not discharge his interest. He further stated, that his stock had been forfeited for neglect to pay an assessment, and had been sold by the secretary, he being present at the sale, and that he did not consider himself as having now any interest. On being asked if he did not expect to receive benefit from the stock at some future time, he answered. that he hoped to, but had no legal claim. The counsel for the plaintiffs contend, that his statement was not the best evidence to prove the forfeiture and sale, and that the defendants, who called him as a witness, should prove these facts by their records. A like question arose, in the case of *Miller* v. *The Mariners' Church*, 7 *Greenl.* 51, and it was decided, that on the *voire dire* parol evidence might legally be received, of the contents of written contracts or records not produced ; and that if produced they might be examined. It is also insisted, that, upon examining the by-laws, which had been already introduced, there does not appear to have been a legal forfeiture and sale of the shares. The difficulty, that prevents one's yielding to this position, is, that while the witness states the forfeiture and sale, it does not there appear to have been illegal. It is true, that in the by-laws, the secretary is not authorized to sell, and that it is at the option of the directors to enforce a forfeiture or not for neglect to pay ; and yet it may be true, that the directors have elected to enforce the forfeiture, and that the secretary has been empowered to sell. These facts could not be expected to appear from the by-laws. They might be proved by the records, but they were not produced, and the witness was not interrogated respecting these matters. And under such circumstances, there is nothing to contradict the statements of the witness or to prove him incorrect, when he states that they were forfeited and sold. And being sold in his presence, and, so far as appears,

without objection from him, the Court cannot presume that the sale was illegal and void.

Does the expression of a hope of future benefit, at the same time asserting that he had no legal claim, exclude him? In *Fotheringham* v. *Greenwood*, 1 *Stra.* 129, *Pratt C. J.* held, that " if a witness thinks himself interested, though in strictness of law he is not, yet he ought not to be sworn." And it is said in the report of that case, that the case of *Chapman* was mentioned, where *Parker C. J.* rejected a witness " who owned himself to be under an honorary, though not under a binding engagement to pay the costs." And in *Trelawney* v. *Thomas*, 1 *H. Bl.* 307, *Lord Loughborough* and *Mr. Justice Gould*, refer to the case in *Strange* with approbation.

In *Rex* v. *Rudd*, *Leach Cro. Cas.* 154, *Mrs. Perreau*, whose husband was under sentence of death, being offered as a witness, stated on the *voire dire*, that if the prisoner was found guilty, " she supposed it would be the means of procuring *Mr. Perreau's* pardon ;" and she was admitted to testify. In *Pederson* v. *Stoffles*, 1 *Campb.* 144, the witness said he considered himself bound, in honor, to indemnify the party calling him, and was admitted. The same rule was adhered to in *Parker* v. *Whitby*, 1 *Turn. & Russ.* 366. In the case of the *Drie Gebroeders*, 5 *Rob.* 344, *note (a)*, the witness stated, that he knew, that he had, by a release, divested himself of all legal claim ; but he expected, should the party succeed in the cause, he would be liberal, and suffer him to receive his share of the capture ; and the testimony was admitted. In the case of the *Amitie*, mentioned in the same note, the statement of the witness was, " he cannot say, that he is not interested, inasmuch as he conceives he will be *entitled* to share, if his vessel was pronounced a joint captor, though he had signed a release." *Sir William Scott* rejected the testimony, observing, " I have always understood the distinction in these courts to be, that if the witness says only, that he expects to share from the bounty of the captors, he is not disqualified or rendered incompetent. But if he thinks himself entitled in law, he acts under an impression of interest, which renders him incompetent, however erroneous that opinion may be."

In the case of *Plumb* v. *Whiting*, 4 *Mass. R.* 518, *Parsons*

*C. J.* says, if a witness would testify under the impression of an interest, which he honestly believes that he has, in the event of the suit, he cannot be sworn ; for the effect on his mind must be the same, whether his interest arises from a legal contract or from a gratuitous promise, on which he confidently relies." In the *Union Bank* v. *Knapp*, 3 *Pick.* 96, a witness, who had made a mistake which occasioned the suit, said, " he did not know whether he was accountable to the bank or not ; and that if this money should be lost, he would sell his house, or any thing else, if required by the bank," was admitted. And *Putnam J.,* in delivering the opinion, says, " the witness was under a mistaken notion, that he was bound in honor to compensate for his innocent mistake, but such an opinion does not disqualify a witness. It must be a direct interest, which is to render a witness incompetent."

In the case of *Skillinger* v. *Bolt,* 1. *Conn. R.* 147, a witness having been released, said he expected to pay the judgment, if the plaintiff recovered ; and the Court decided, that he was properly excluded. In *Smith* v. *Downs,* 6 *Conn. R.* 365, a witness, who said, he was not bound, but considered himself under an honorary obligation to pay part of the judgment, if the plaintiff recovered, was admitted. The Court examine the question fully, and come to the conclusion, that nothing but a direct interest in the event of the suit or in the record, should exclude a witness.

In the *State* v. *Clark,* 2 *Tyler,* 277, it was decided, that a witness, who thought himself interested, when he was not, was competent.

In *Lansingburg* v. *Willard,* 8 *Johns. R.* 428, it was said, if a witness declares himself interested on the side of the party, who calls him, he ought not to be sworn, though in strictness he is not interested. In the case of *Gilpin* v. *Vincent,* 9 *Johns. R.* 219, the witness said, he could not say, that he would not contribute to the costs of the suit, in case the plaintiff failed ; that if the plaintiff in such case should ask him, he thought he should give something, as he usually did in such cases, although he was in no way bound to do it. The Court say, it did not amount to even an honorary obligation, " and it has been ruled, that even such an obligation does not go to the competency of the witness." In *Stockham* v. *Jones,* 10 *Johns. R.* 21, it is said, " the incompe-

tency of a witness must be confined to a legal fixed interest in the event of the suit."' And such appears to be the established rule in that State. *Williams* v. *Matthews,* 3 *Cow.* 252 ; *Moore* v. *Hitchcock,* 4 *Wend.* 292.

In *McVeaugh* v. *Goods,* 1 *Dallas,* 62, the witness stated, that he assisted in seizing the goods, and expected some compensation from the informer, if they should be condemned, but not otherwise ; and his testimony was excluded. In *Innis* v. *Miller,* 2 *Dallas,* 50, it is said, if a creditor " acknowledges an expectation, that he shall be benefitted by the fate of the cause, he is sensible of a positive interest, that must give a bias to his mind "; and the witness was excluded. It appears now to be the settled rule in *Pennsylvania,* that nothing but a legal interest in the event of the suit, or in the record, can exclude a witness. *Henry* v. *Morgan,* 2 *Bin.* 497 ; *Long* v. *Baillie,* 4 *S. & R.* 226.

In *Virginia* and *Kentucky,* the rule may be, that a witness, who believes himself interested, though he is not, is incompetent. *Richardson* v. *Hunt,* 2 *Munf.* 148 ; *Senteney* v. *Overton,* 4 *Bibb,* 445.

In *Maryland,* the like rule prevails, where the witness so appears on the *voire dire,* but if the interest be shewn by other proof, and it appears to the court that the witness is not interested, he may be examined, though he thinks he is interested. *Peter* v. *Beall,* 4 *Har. & McHen.* 342.

There are many cases, in which a witness may have a strong bias operating to favor the party calling him, as where he is interested in the same question, or is similarly situated and exposed, or is under the ties of blood connected with the hope of gain, or is a creditor, when a recovery may materially contribute to the means of payment. In some of these cases, the witness was not regarded as competent, before it was settled by the case of *Bent* v. *Baker,* 3 *T. R.* 27, that the witness must have an interest in the event of the suit, to exclude him. *Lord Mansfield* had before declared, that a rule might be derived from preceding cases, that interest should go to the competency, while influence should go to the credit, of the witness. *Abrahams* v. *Bunn,* 4 *Burr.* 2251. There is no distinction in principle between an influence, arising from an interest in the question, or from relationship, and one de-

rived from an honorary obligation, a hope of benefit, or a belief of interest when no actual interest exists. If the competency of a witness may depend upon his stating an honorary obligation, or a belief of interest, or a hope of gain, he can deprive any party of his testimony at his pleasure. There is no rule so plain and satisfactory, as that stated by *Lord Mansfield,* and since found to be more and more satisfactory by a longer and larger experience. It will be perceived, that, in some of the States, where an influence on the mind was allowed to exclude the witness, the more recent decisions have adopted the rule, which is now more generally received, and ought to be regarded here, that, to exclude a witness, it must appear, that he has a certain legal interest in the event of the suit or in the record. And that all other matters of influence affect the credit only.

Upon a new trial, the testimony may not be the same on the other points presented in the case, and there would be little of benefit in the expression of an opinion upon them at this time.

*Exceptions sustained, and new trial granted.*