NATHANIEL NORTON *versus* BENJAMIN F. WAITE.

20 175
85 219.

Where one having in his hands a draft, void for want of consideration, pass-
es it over in payment of a pre-existing debt, he is a competent witness in a
suit between the holder and the parties to the draft, his interest being bal-
anced.

The indorsee of a draft taken before maturity in payment of a pre-existing
debt, is to be regarded as a *bona fide* holder, and is not subject to any ex-
isting equities between the parties to the bill.

ASSUMPSIT against the defendant as drawer of a draft on
Hall & Duren, and by them accepted, dated Calais, July 24,
1837, for $900, and payable to the order of Zimri B. Hey-
wood, at the Suffolk Bank in seventy-five days from date, and
by him indorsed.

From the report of SHEPLEY J. before whom the cause was
tried, it appeared that the draft was delivered by Heywood to
one Heman Norton in part payment of his share of timber cut
in township No. 4.

On the part of the defendant, it was proved that the draft
was an accommodation draft, drawn and indorsed for the ac-
commodation of Hall & Duren, and had been given for a con-
sideration which had entirely failed.

The plaintiff read the deposition of Heman Norton, which
was admitted subject to all legal objections, to prove that he
transferred the draft to Nathaniel Norton before its maturity,
in consideration of money lent him by the said Nathaniel Nor-
ton, five or six years previous to and during the year 1837;
and that the draft in question was received in payment of
money borrowed of the plaintiff; and that he, Heman, was
insolvent at the time of the alleged transfer of the draft, and
still continues insolvent.

It appeared that Heman Norton and Nathaniel Norton were
residents of New York at the time of the alleged transfer of
the note.

The jury returned a verdict for the plaintiff, and the defend-
ants filed a motion for a new trial, because the verdict was
against the evidence in the case.

*Downes*, for the defendant. The defendant is an accommodation indorser. The draft was passed to H. Norton, in payment for the stumpage of timber to which he had no title. H. Norton could not have maintained an action on this draft. The draft being an accommodation draft, and the consideration for its transfer to H. Norton having failed — and the defence of want of consideration being good as against him — the holder is bound not merely to show that it was indorsed before maturity, but that he received it in good faith. *Aldrich* v. *Warren*, 16 Maine R. 468; *Munroe* v. *Cooper*, 5 Pick. 412; *Duncan* v. *Scott*, 1 Camp. 100; *Rees* v. *Headfort*, 2 Camp. 574. The plaintiff is not entitled to recover on Norton's testimony. The transfer being in New York the *lex loci* must govern. The plaintiff must prove that the draft was taken in payment of his debt against H. Norton, and that he risked the insolvency of all the parties to it. No evidence of this fact was given. 1 Dane's Abr. 442; *Tobey* v. *Barber*, 5 Johns. 68; *Rosa* v. *Brotherson*, 10 Wend. 85. H. Norton was an incompetent witness, being interested. 2 Stark. Ev. 728.

*T. J. D. Fuller*, for the plaintiff, insisted that the jury had found that the draft was indorsed in good faith to the plaintiff, in payment of a pre-existing debt. As between an innocent holder and maker, no inquiry as to the consideration of the draft can be gone into. The case in 10 Wend. 85, is over-ruled in 16 Wend. 659.

If Norton's testimony were excluded, the result would be the same, the burthen being on the defendant to show how the draft was obtained. The presumption of law is, that the plaintiff came honestly by it.

The opinion of the Court was by

SHEPLEY J. — It is contended, that Heman Norton was not a competent witness for the plaintiff. The bill was drawn, accepted, indorsed, and delivered to him on a consideration, which has failed. He parted with it before its maturity; and it does not appear, that he indorsed it. If his testimony should enable the plaintiff to recover, he would be liable to refund

the amount to the acceptors. Should he be regarded as liable to pay the amount to the plaintiff, if he should fail to recover, his interest would be a balanced one. A person, who sells a note or bill without indorsing it, is a competent witness for the holder, after the execution of the bill or note has been proved or admitted. *Williams* v. *Mathews*, 3 Cow. 252.

The principal question is, whether the plaintiff can be considered as an innocent purchaser of the bill before maturity and for a valuable consideration. The witness states that he transferred it before maturity in consideration of money lent to aid him in the support of his family during five or six years; and that it was received by the plaintiff in payment of money borrowed of him. The plaintiff and the witness both resided in New York, and the transfer was made there. It is contended therefore, that the plaintiff must establish his title to the bill by the law of that State; and that by that law he is not entitled to recover, because he received it for a pre-existing debt. His property in the bill must no doubt be established in conformity to the law of the State where the sale and transfer were made. But whether the indorsee is subject to the equities existing between the original parties does not depend upon his legal title to the bill. That title may be good, as between him and the person from whom he received it, and he be still liable to those equities. Whether the holder be liable to be affected by those equities was, as reported in the daily papers, regarded by the Supreme Court of the United States, during its session of 1842, in the case of *Swift* v. *Tyson*, as a question to be decided by the general mercantile law, and not by the law of the State where the transfer was made. And the decision is said to have been that a pre-existing debt was such a consideration for the regular transfer of a negotiable instrument as enables a *bona fide* holder to enforce it free from the exceptions, to which it might be liable between the original parties.

But if the law of the State of New York were to decide the question,. it does not appear, that the plaintiff would not be entitled to recover. The difference between the law of that State and this on the point was noticed in the case of *Homes*

v. *Smyth,* 16 Maine R. 177, where it was attempted to be shown, that the reason why the holder. of negotiable paper received before maturity for a pre-existing debt, was subjected to the equities existing between the original parties, was that such paper was not regarded there as received in payment of such debt; and that when there was proof, that it had been received in payment of the pre-existing debt it was not considered as subject to those equities. Nothing has occurred to change the opinion then expressed. In this case, although received for a pre-existing debt, the testimony authorized the jury to find, that it was received in payment of the money borrowed. And in such case the plaintiff must be considered as a *bona fide* holder for value before maturity and entitled to recover. *Judgment on the verdict.*