# GRAFTON,

## JANUARY TERM, A. D. 1848.

## HILL v. BARNEY.

Evidence of the loss of an instrument declared on, for the purpose of laying a foundation for the introduction of secondary evidence, is addressed to the court, and the interest of the witness forms no objection.

The existence of the instrument, as a ground of action, is a matter for the consideration of the jury, and upon the trial of that question the ordinary rules of evidence respecting the interest of witnesses apply.

The rule of court providing that the signature of instruments declared on shall be admitted, unless notice is given, at the first term, that the signature is disputed, applies where the instrument is shown to have been lost, and secondary evidence is given of its contents.

An attorney, whose office has been broken open, and papers stolen therefrom, without negligence on his part, is not liable for the loss.

An action at law may be maintained by the payee of a negotiable promissory note, not indorsed, which has been lost and cannot be produced.

ASSUMPSIT, upon a note dated April 19, 1834, made payable by the defendant to the plaintiff, or order, with interest, for $67.50. There was also a count for money had and received.

The plaintiff offered the attorney who made the writ as a witness to prove that the note was lost, and to show its contents.

To the competency of this evidence the defendant objected, on the ground that the witness was liable to the plaintiff for the loss of the note, it having been left with him for collection; but the court overruled the objection.

The witness then testified that the plaintiff left with him a note for collection, which was described in the writ, and purported to be made and signed by the defendant, and payable to the plaintiff, or order, for $67.50, and interest; that he made the writ and left the note in his office; that one night, while he was absent, the office was broken open, and the note with others was taken out, and he has never since been able to find it, or to learn anything concerning it; that he was not acquainted with the defendant's hand-writing, and could not testify that the signature was in the hand-writing of the defendant, but only that it purported to be such.

The defendant contended that this was not such proof of the existence of a note against him as entitled the plaintiff to show its loss. But the court held that inasmuch as the action was entered at the May term, 1846, and no notice had been given of an intention to deny the signature, the execution of the note must be considered as admitted under the rule that the signature to all instruments declared on shall be admitted, unless notice of denial is given at the first term; to which ruling the defendant excepted.

The defendant then contended that the note, being negotiable, could not be recovered, by showing its loss, although the evidence in this case tended to show that it was not indorsed, but that it must be produced. The court ruled otherwise.

A verdict was thereupon taken, by consent, for the plaintiff, subject to the opinion of this court.

*Weeks & Sargent,* for the plaintiff.

*Kittredge,* for the defendants.

PARKER, C. J. The evidence of the loss of the instrument declared on was addressed to the court, and the

objection that the witness was interested cannot avail, so far as the testimony went to show the loss, for that reason. A party may prove the loss of the instrument.

The existence of the instrument, as a ground of action against the defendant, is a matter for the consideration of the jury, after the evidence of the loss has entitled the plaintiff to introduce secondary evidence; and upon the trial of that question the ordinary rules in relation to the interest of witnesses apply.

This distinction between the rules governing the evidence of the loss of an instrument, and those which govern the introduction of the evidence upon the trial of the issue before the jury, to show that notwithstanding the loss of the instrument the debt still subsists, seems not to have been adverted to in this case, probably because of the intimate connection here between the evidence of the loss and the proof of the debt.

The note having been described in the declaration, and no notice having been given at the first term of an intention to dispute the execution of it, if the note had been produced at the trial the signature of the defendant would have been held to be admitted, under the rule of the court to that effect. It is argued that the rule applies only where the instrument is produced, but the reason of it seems to be equally strong when the plaintiff, by proof of the loss of the instrument, entitles himself to offer secondary evidence. Proof of the existence of an instrument such as is described in the writ, under such circumstances as to show that it furnishes an existing cause of action, is equivalent to the production of it.

But it was necessary for the plaintiff to give such evidence to the jury, and here the proof of the loss comes in again, in connection with the evidence of its existence in the hands of the attorney, and to show the reason why it was not produced. If the witness had been interested, the objection here would have been fatal. His testimony

went to show the existence of a paper purporting to be a note, such as is described in the declaration, when the writ was made, and how it went out of his possession, so that he could not produce it. The evidence proved the existence of a paper which, if it had been produced, would have been original and competent evidence to sustain the action,— the rule giving effect to it as the promissory note of the defendant. But the case does not show that the witness had any interest. The only evidence which connects him with the note is his own testimony, and that does not tend to show that he is liable for the loss of it. There is no evidence of negligence. It is unnecessary to consider whether, if the loss had been under such circumstances as that he might have been answerable for negligence, that would have constituted such an interest as would have excluded his testimony. An indirect and contingent liability is not sufficient. 18 Me. 49, *Marwick* v. *Georgia Lumber Co. ;* 2 Watts & Serg. 190, *Irvine* v. *Lumberman's Bank.*

If it had appeared in this case that the note when lost was indorsed in blank, that would not debar the plaintiff from a right to recover at law, although it might have been a ground for staying proceedings until the plaintiff should file a bond to indemnify the defendant against any claim upon the note in the hands of a *bonâ fide* holder. It has been supposed that the loser of a note so indorsed can have relief in equity only. But if there is no known holder of the note, who can be made a party to the suit ,in equity, so that his claim could be settled in the same suit, there seems to be no necessity for requiring the party to file a bill. The judgment, in an action at law, upon the filing of a bond of indemnity, is as appropriate a measure of relief as any that could be granted by a court of equity, under such circumstances. If it be said that the court of law has no power to decree that the plaintiff shall file a bond of indemnity, the answer is that

such court can stay proceedings until it is filed, or it appears that it is not necessary for the security of the defendant.

But in this case, as the evidence stands, the note was not indorsed. No person can claim it as a *bonâ fide* holder against the plaintiff.

*Judgment on the verdict.*