## CONKLIN *v.* SMITH.

To entitle a purchaser at sheriff's sale to relief, even in equity, it must appear that he has either paid or tendered the purchase-money in a reasonable time.

*A.* purchased the land of *B.* at sheriff's sale, but did not pay or tender to the sheriff the purchase-money, and no deed was executed to him. Afterwards, he loaned a sum of money to *B.*, and took from him a mortgage on the land to secure the sum loaned. *Held,* that, by taking the mortgage, *A.* was estopped from asserting any title anterior to the mortgage.

APPEAL from the *Wayne* Circuit Court.

STUART, J.—This cause was before the Court at the *May* term, 1852, and is reported in 3 Ind. R. 284.

*Friday,
November* 30.

Since then the declaration has been amended, adding a count for money had and received.

It seems that one *Harvey* was the tenant of *Smith*. *Conklin* had once purchased the demised land at sheriff's sale, but had wholly failed to pay his bid and perfect his title. No money passed, and no sheriff's deed was ever made. In fact *Conklin* had formally abandoned his position as purchaser, by loaning money to *Smith*, and taking from him a mortgage on the very land sold on execution. After *Harvey* went into possession as the tenant of *Smith*, with the consent of *Conklin*, the latter undertook to revive his claim under the sheriff's sale. Both *Smith* and *Conklin* claimed the rent from *Harvey*. He finally paid it to *Conklin*. To recover it as money had and received to the use of *Smith*, this action is brought.

It is very clear that *Conklin* derived no title by his purchase on execution. To entitle a purchaser to relief, even in equity, it must appear that he had either paid or tendered the purchase-money in a reasonable time. 4 Ind. R. 66.

By accepting the mortgage from *Smith*, *Conklin* acknowledged his title, and was thus estopped from setting up any claim anterior to the mortgage. *Douglass* v. *Scott*, 5 Ohio R. 194. Similar to the case at bar, is that where a creditor, having a right to set aside a conveyance as fraudulent, treats with the grantee as to the subject matter of the conveyance, recognizing it as valid. He is estopped from afterwards disputing its validity. *Rennick* v. *The Bank*, 8 Ohio R. 529.—*Fitch* v. *Baldwin*, 17 Johns. R. 161.

On either hypothesis, then, whether he did or did not derive title by his bid at sheriff's sale, *Conklin* had no right to the rent. The money paid him by *Harvey*, the tenant, was due to *Smith*.

No doubt the latter could, notwithstanding the payment to *Conklin*, have still enforced his claim for rent against *Harvey*.

But had he the right to consider the money paid to *Conklin* as so much had and received for his use, and claim it as such? It is feared there is no privity of contract between the parties.

It is true that in the decisions of other states, as well as in the elementary writers, there is abundance òf authority to sustain this action. But it is believed that the doctrine uniformly held by this Court, has been the other way. *Salmon* v. *Brown*, 6 Blackf. 347.—*Farlow* v. *Kemp*, 7 *id.* 544. The opinion in the latter case, drawn up with great care and ability by judge *Sullivan*, has been repeatedly followed since. *Britzell* v. *Fryberger*, 2 Ind. R. 176.

We adhere to these decisions, though it may seem a great hardship in this particular case.

In amending their declaration, counsel were, no doubt, misled by a too hasty view of the language of judge *Blackford*, in *Conklin* v. *Smith*, 3 Ind. R. 284, when the case was first in this Court. It is thus expressed:

" There was evidence tending to prove that certain rent due to *Smith*, the plaintiff, from a tenant who had occupied certain real estate of *Smith's*, had been improperly received from the tenant by *Conklin*, the defendant. *But if it be admitted that Smith had a legal claim against Conklin*, for the money received by *Conklin*, it can not be recovered in this action for money paid. The proper form of action in such case, would be for money had and received."

This language is not an authority for the action now before us. It covertly imports a doubt whether *Smith* had any legal claim whatever against *Conklin*.

In accordance with the settled doctrine of this Court, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Rariden*, for the appellant.

*J. S. Newman* and *J. P. Siddall*, for the appellee.