GRADY vs NEWMAN.

Opinion delivered January 14, 1898.

*Chattel Mortgage—Right to Redeem—Mortgagor in Possession Chargeable With Use of Property—Estoppel.*

Appellee executed a mortgage upon certain property to one Lang. The mortgage provided that the Mortgagor should remain in possession of the property until default in the mortgage. The mortgagee assigned the mortgage to appellant.

Before the assignment and about the time of the assignment, appellee notified appellant not to buy the mortgage because he would have no chance to redeem it from appellant. Appellant replied that he would allow appellee to redeem immediately upon having the mortgage assigned to him. Appellant took possession of the property although the conditions of the mortgage had not been broken. Appellee brought suit for the cancellation of the mortgage and upon the trial, the court found that the use of the property and the proceeds of certain property which appellant had disposed of, was of greater value than the amount due on the mortgage and ordered the mortgage cancelled. In his answer appellant made claim of the mortgaged property, claiming an anterior title to same. *Held*, The court properly decided that appellant should be treated as a mortgagee in possession, chargeable with the use and rent of such property and that he having agreed that appellant might redeem the property, he was estopped from setting up any anterior title to the property.

Appeal from the United States Court for the Central District.

C. B. STUART, Judge.

Charles Newman filed a bill in equity against John M. Grady, praying the cancellation of a certain note and mortgage. There was a decree for Plaintiff. Defendant appeals. Affirmed.

The opinion states the facts.

*R. Sarrls*, for appellant.

*G. B. Denison, Edward Calkins* and *N. B. Maxey*, for appellee.

CLAYTON, J. This suit was brought on the equity side of the docket in the court below by Charles Newman,

the appellee, to set aside and cancel a certain promissory note for $239.45, and a chattel mortgage to secure the payment of the same, both executed by him to one Charles Lang on the 31st day of August, 1891, which said note and mortgage were afterwards, and before maturity, for the consideration of $100, assigned to John M. Grady, the appellant, who took possession of the mortgaged property. Both Lang and Grady were made parties defendant to this suit, but no service was had on Lang. The complaint alleges that the aforesaid note and mortgage were executed by Newman while he was in such a state of intoxication as to be legally incapable of entering into a contract, and that Lang, the mortgagee, fraudulently assisted in bringing about this condition; and further, that at the time that Grady, the appellant, purchased the said note and mortgage and took possession of the said property, he (Grady) was told, and otherwise had notice of, the above facts. Prayer for the cancellation of the note and mortgage, and for possession of the property, and damages for its retention. The answer of Grady denied all of the allegations of the complaint, and alleged: First, that the mortgaged property was not the property of Newman at the time of the execution of the note and mortgage aforesaid, but that it belonged to and was owned by him (Grady); and, second, that the note and mortgage were duly, and without fraud, executed to Lang, and without notice assigned by him to Grady, and that Newman had wholly failed to pay off or discharge the same. Prayer for the possession of the mortgaged property and costs. Upon the issues proof was taken, and the cause refered to a master, with direction to state an account between the parties. The master found from the proof, as shown by his report, to-wit: "That on the 31st day of August, 1891, plaintiff, Newman, executed to defendant Chas. Lang his promissory note for the sum of $239.45, due and payable on the 30th day of September, 1891, and

that on the same date plaintiff executed a chattel mortgage in favor of said Lang to secure said indebtedness. * * * That under said mortgage, plaintiff, Newman, was to retain possession of said property until the 30th day of September, 1891, when the said promissory note should fall due. That at the time plaintiff executed said promissory note and mortgage he was indebted to the said defendant Lang in the sum of $239.45. That at the time plaintiff executed said promissory note and mortgage he was sufficiently sober and in possession of his faculties to understand the nature and extent of his acts, and that he at that time understood the nature and contents of the instrument in question. That on the 10th day of September, 1891, said defendant Lang, for and in consideration of the sum of $100, assigned the said note and mortgage to the defendant, John Grady; that plaintiff notified and requested said Grady not to buy said note and mortgage before said Grady had paid any consideration therefor, but that said notification and request was made by plaintiff, Newman, on the ground that he could not redeem the mortgaged property after such assignment, and not upon the ground that said mortgage and note had been fraudulently obtained from him. That said Grady thereupon assured plaintiff that he could redeem said mortgaged property by payment of the debt at the time that the same should fall due. That thereupon said Grady paid said Lang the said consideration of $100 for said note and mortgage, and at once, and before the debt or note was due, took possession of said property described in said mortgage, and has had possession thereof since said date." In stating the account, the master, treating appellant, Grady, as a mortgagee in possession, gave him credit for the face value of the note, with interest, and charged him with the rents and profits of the mortgaged property, and with the value of certain portions of it that he (Grady) had converted to his own use, and

consumed. The balance, as shown by the master's report, left Grady in debt to Newman in the sum of 92 cents; that is, that the mortgage debt had been overpaid by that amount. Exceptions were filed to this report, which were overruled by the court, and exceptions duly saved.

The above facts found by the master are amply sustained by the proof. Appellant himself admits that at the very time of the assignment of the mortgage to him by Lang, Newman was protesting on the ground that he would not be permitted to redeem, and that he told him he should have that right, and, upon payment of the debt, the possession of the premises would be restored to him. And, in addition to this, the mortgage itself, in express words, conveyed all of the mortgagor's "household goods" contained in the mortgaged house, and the proof is that appellant took possession of these goods at the time he possessed himself of the premises, and as to them there is no pretense but that the title was in the mortgagor. The court in its decree, found that Grady took possession of the premises under the mortgage before the debt secured thereby became due, and that the said debt had been more than paid by the use and conversion of the mortgaged property taken by Grady, and that the said debt had been fully satisfied, and that Newman had the right to redeem. The court then decreed a surrender and cancellation of the mortgage and a delivery up of the possession of the premises, and judgment for 92 cents and costs against Grady. To all of which exceptions were duly saved. It is contended by counsel for Grady that the proof in the case showed that the title to the mortgaged property at the time of the execution and assignment of the mortgage, as well as at the time of taking possession, was in him (Grady), and therefore the court erred in declaring him to be a mortgagee in possession of the mortgaged premises, and in charging him with the rents and profits of the premises. The proof upon the question

*Mortgage taking possession before condition broken chargeable with use of property.*

of the appellant having been the owner of the premises at the time of the execution and assignment of the mortgage is not convincing, but, be that as it may, there is another reason why this contention cannot prevail. We are of the opinion that in a court of equity an assignee of a mortgage, in possession of the mortgaged premises, the assignment having been made before conditions broken, and possession taken with a promise to the mortgagor that he might redeem, is estopped from setting up his outstanding anterior title as against the mortgagor. 2 Herm. Estop. p. 1022, § 901; Bank vs Bronson, 14 Mich. 361; Renshaw vs Taylor, 7 Or. 315; Schumaker vs Hoeveler, 22 Wis. 43. "A party who accepts a mortgage made to him is estopped to deny the power of the mortgagor to make the conveyance, nor can he set up title anterior to his mortgage." 2 Herm. Estop. § 901; Brown vs Combs, 29 N. J. Law, 36; Tartar vs Hall, 3 Cal. 263; Conklin vs Smith, 7 Ind. 107. "An estoppel in pais is called into existence by the acceptance of possession under deed only when it is accepted in one of the relations which imply an obligation to return or surrender possession, and a sort of allegiance to him under whom or in subjection to whose interest it is held, such as the relation of landlord and tenant, trustee and cestui que trust, mortgagor and mortgagee." 2 Herm. Estop. § 846. And more especially is this true when, as in this case, possession is obtained under the mortgage with the express promise of the assignee of the mortgage to the mortgagor that "he may redeem, and upon payment of the debt the possession of the mortgaged premises will be restored to him." In this case both were claiming title. Neither had paper title, so constructive notice cannot be claimed. The mortgagor was in possession, holding adversely to the assignee of the mortgage, and under these circumstances the mortgage was used by the assignee for the purpose of obtaining possession, but the

(42)

*margin note:* Assignee of mortgage in possession estopped from asserting anterior title.

possession was not surrendered by the mortgagor until the assignee had promised him that he might redeem, and on payment of the debt the possession would be returned. The mortgage in the case provides that the mortgagor shall retain possession until the debt shall become due. The conditions of the mortgage had not yet been broken, and therefore neither the mortgagee nor his assignee were entitled to possession. We repeat, under these circumstances Grady was estopped from setting up his anterior title, and therefore the court below did not err in treating him as a mortgagee in possession. The decree of the court below is affirmed.

SPRINGER, C. J., and THOMAS and TOWNSEND, JJ., concur.