Blackfoed, J.
This was an action of assumpsit brought by Brovin against Salmon. There are three counts in the declaration. The first is as follows: “Samuel M. Brown complains of John Salmon in a plea of trespass-on the case; for that, whereas, heretofore, to wit, on the eighth day of September, 1830, at Louisville, viz., at the county of Clark aforesaid, the said Salmon, in consideration that one R. Be Hart, at the special instance and request of the said Salmon, had made, executed and delivered to him, the said Salmon, a bill of sale, dated the first of September, 1830, of his half interest in the steam mill at Providence, Indiana, with its appurtenances, also in cattle, carts, wagons, timber, tools, iron, lots of *ground and tenements, &c.; promised then and there the said Brown to account to him for the same in case of a sale thereof, or otherwise; and although the said Salmon then and there received the said goods and chattels, lots and tenements, which were of great value, viz., of the value of $5,000, and although a reasonable time hath since elapsed in which the said Salmon might have made sale of the said property, and accounted for the same to the said Brown, according to his said promise and undertaking, and although the said Brown- heretofore, to wit, on the 20th day of May, 1835, at said county, and before the commencement of this suit, demanded and required of the said Salmon to account to him for the property so received as aforesaid by the said Salmon; yet, *373 the said Salmon, not regarding his said promise and undertaking so by him made as aforesaid, but contriving, &c., has not accounted to the said Brown for the said property or any part thereof, but has hitherto wholly failed and refused so to do, and still fails and refuses so to do, to the damage,” &c.
The other counts are similar to the first.
Pleas, the general issue, and a special plea in bar. General demurrer to the special plea, and the demurrer sustained. Verdict and judgment for the plaintiff.
This judgment must be reversed, on account of the insufficiency of the declaration. The only consideration alleged for the promise to the plaintiff on which the suit is founded, is that about a week previously to the promise, a third person by the name of De Hart, had sold certain property to the defendant. That sale, by creating a debt against the purchaser, would be a good consideration for his subsequent promise of payment to De Hart, the vendor; but it could not, of itself, be any valid ground for the purchaser’s subsequent promise to a stranger of payment to the latter, without the request or consent of the vendor, to whom alone the debt was due. It does not appear that the defendant was under any legal or moral obligation to pay the debt to the plaintiff, or, indeed, that he had any authority to do so. For anything alleged in the declaration, if the debt should be paid to the plaintiff, the defendant would be obliged to pay it again to De Hart.
*If there were any transactions between De Hart and Salmon, by which the latter became indebted to the plaintiff, the declaration might have alleged that indebtedness as a consideration of the promise sued on; but the mere indebtedness of the defendant to De Hart can not, of itself, be a sufficient consideration for the defendant’s subsequent promise to the plaintiff as laid in the declaration.
Besides, the law seems now to be settled that the consideration of the promise to the plaintiff must be alleged in the declaration to have moved from him. Chitt. on Cont., 53, and the cases there cited.
Dewey, J., having been of counsel in the cause, was absent.
A. Lovering and H. P. Thornton, for the plaintiff.
R. Crawford, for the defendant.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.