## Case No. 642.

ATWOOD et al. v. LOCKHART. et al.

[4 McLean, 350.] [1]

Circuit Court, D. Indiana. May Term, 1848.

PARTNERSHIP—INCOMING PARTNER—LIABILITY FOR OLD DEBTS.

1. A purchase of goods made by two individuals, who take a third partner. An action against the three cannot be maintained by the seller of the goods, who had no knowledge of the contract.

[See Edmondson v. Barrell, Case No. 4,284.]

2. There was no implied promise by the third partner, on which an action can be sustained.

[At law. Heard on demurrer to the amended declaration. Demurrer sustained.]

Mr. Yandes, for plaintiffs.
Mr. Barbour, for defendants.

OPINION OF THE COURT. This suit is brought to recover the amount for the sale of certain goods, wares, and merchandise. Leave was given to amend the declaration, under which three counts were added, alleging that the goods, etc., amounting to fifteen hundred dollars, were sold to Yarborough & Lockhart, who afterward sold them to Yarborough, Lockhart & Shoemaker, etc. To these counts there was a general demurrer.

This is not a case of guaranty. The sale was made originally to Yarborough & Lockhart. Before the commencement of the action, the sale was made of the same goods, to themselves and Shoemaker; and the as-

sumpsit of the company is then alleged to the plaintiff. It does not appear that the sale was made by plaintiffs to Shoemaker, or that they had any knowledge of the fact. It was not competent for Yarborough & Lockhart, who made the original purchase of the goods by their own act, thus to change the first contract. This might have been done with the agreement of the plaintiffs; but this is not alleged in the declaration.

If A sell goods to B, who, at the request of A, agrees to pay C, to whom A is indebted the amount, C may maintain an action in his own name—the agreement having been made at the time of the purchase. But this is not the case before us. The plaintiffs may recover against Lockhart & Yarborough on the general counts. Demurrer sustained. 6 Blackf. 347. The indebtment of A to B is not, of itself, any consideration for a subsequent promise by the former to C, to pay C the amount of the debt.

ATWOOD, (SANCHO v.) See Case No. 12,-291a.

ATWOOD, (SMITH v.) See Case No. 13,006.

## Case No. 643.

AUBREY v. AUBREY.

Circuit Court, District of Columbia.

[Cited in Hyde v. Liverse, Case No. 6.972. Nowhere reported; opinion not now accessible.]