MILTON ST. JOHN, Appellant, *v.* JOHN P. ROBERTS and SYL-
VESTER LAY, Respondents.

Where a negotiable promissory note has been protested for non-payment, and
the liability of the indorsers thereof has been fixed by notice, such indorsers,
selling such note without erasing their indorsement, will be held responsible
for the payment of the same, though no notice be given to them of its non-
payment by the maker.

In such case, the defendants are estopped by their acts from controverting their
liability upon the note, as the indorsers thereof.

THE facts sufficiently appear in the opinions.

*O. B. Belknap,* for the appellant.

*Lapham & Andrews,* for the respondent.

*S. Lay,* in person.

DAVIES, J. This action is brought against the defendants
as indorsers of a promissory note, made by one Waterbury,
to the order of the defendant Roberts. There is no dispute
about the facts of the case, and they are as follows: Before
the note arrived at maturity it was indorsed by the defend-
ants and deposited in bank in New York, and, on maturity,
payment was demanded of the maker, and being refused the
same was protested and the indorsers duly charged. The
defendants placed the note, with their indorsements thereon,
and the protest thereof annexed, in the hands of an auctioneer
for sale, at auction, who sold the same to the plaintiff for the
sum of $500; and he paid the auctioneer that sum and
received from him the note with the indorsements of the
defendants thereon, and the protest of the note attached.
Upon the trial, a verdict was taken for the plaintiff for the
amount of the note and interest, subject to the opinion of
the Superior Court at General Term, which court gave judg-
ment for the defendants, upon the ground that there had

been no demand of payment of the note of the maker, and notice thereof to the indorsers, after the transfer and delivery of the note to the plaintiff.

The Superior Court treated the case as if there had been a new contract by the defendants of indorsement, at the time of the transfer and delivery of the note to the plaintiff. It is well settled that when a note, once due, is indorsed and transferred, the indorser cannot be made liable upon his contract of indorsement, unless there has been, subsequent to such indorsement and transfer, a demand of payment of the maker, and notice to the indorser. (*Leavitt* v. *Putnam*, 3 Comst., 494.) In this case there was no new contract of indorsement on the transfer and delivery of this note to the present plaintiff. The indorsers themselves put this note upon the market, after they had been legally and duly charged thereon, and made liable as indorsers thereon, with the evidence of such liability atttached. Such act of theirs was a representation of their liability on the note, and they are now estopped, in good faith and sound morals, from denying such liability. The plaintiff purchased the note, as thus presented, and they have received the amount of the purchase-money, and should not be permitted to deny their liability. But we are not without authority, in a case so nearly analogous, that it may be regarded as quite decisive. The rule, thus announced, has been regarded as the law of this State for more than forty years, and upon questions of this character should not be disturbed, except for grave and controlling considerations.

In *Williams* v. *Mathews* (2 Cow., 252), the defendant was sued by the indorsee, as the indorser of a promissory note, made payable to his order and indorsed by him, dated April 9, 1815, payable on the 1st day of November then next. It appeared that a previous suit had been commenced on the note, which was discontinued, and in September, 1817, the note became the property of the plaintiff, who had no interest in it before that time, and that it was then sold to him. No notice of demand and refusal were given to the indorser, after the transfer and delivery thereof to the plaintiff. The plaintiff was nonsuited, and brought his writ of error, and

the prominent point relied on by the defendant was that the note could not be negotiated after the indorser was charged. To this it was replied, that there was no legal objection to it, if it in fact remained unpaid at the time of the transfer. That the only objection to the transfer of a note after it becomes due, is, that it subjects the holder to all the equities in favor of the preceding parties. On the part of the defendant, it was contended that the transfer of dishonored paper creates a new contract, and that the law, in all cases to charge the indorser, required the holder, or his agent, to make a demand after the transfer. That a demand by a previous holder could not inure to the benefit of a subsequent holder, and it was conceded that, in that case, the necessity and the right of a demand by the plaintiff had ceased. Judge WOODWORTH, in the opinion of the court, says, that after the note became due it came back into the hands of one Williams, which did not imply a payment and taking up of the note, and he afterwards sold it to the plaintiff. That there was no legal objection to the validity of the transfer of a note after due, provided it remain unpaid, by any of the parties, whether the transfer is made by indorsement or mere delivery. The judgment was reversed.

In the present case, the plaintiff dealt with Nicolay, the auctioneer, the presumptive holder of the note, and the plaintiff had no actual notice, or any notice to put him on inquiry as to who was the holder or seller of the note. He had a right to assume that all the parties to the note were bound for its payment, and in this faith he made the purchase of it. I do not see upon what principle the defendants should be absolved from liability, and am, therefore, of opinion that the judgment should be reversed, and that the plaintiff should have judgment upon the verdict.

We place our judgment in this case upon the ground that the defendants are estopped by their acts from controverting their liability upon the note, as indorsers thereof. The other point discussed is not passed upon or disposed of, we regarding the other as controlling and conclusive.

Campbell, J.  A note of one Waterbury for $595.60, payable to the order of defendant Roberts, and by him indorsed, and also indorsed by defendant Lay, was deposited in bank by Lay for collection.  Not being paid at maturity, it was duly protested, and notice of protest given to the defendants. After protest, Lay, with Roberts' check, took up the note, and then Lay, by Roberts' direction, through an auctioneer, sold the note at public auction, at the Merchants' Exchange, in the city of New York, for or on account of whom it might concern.  The names of the defendants or indorsers were not erased, nor the indorsement in any way restricted or qualified, and the notarial protest was attached to the note.  The plaintiff became the purchaser, paying therefor the sum of $500.  The Superior Court, in the city of New York, rendered judgment for the defendants.

When this note was sold at auction by and for the benefit of Roberts, through the agency of Lay, though overdue and disclaimed, it was still negotiable, and its negotiation worked wrong to no parties — not to the maker, who was confessedly bound to pay it — not to the indorsers, for they both took an active part in the sale. (*Havens* v. *Huntington*, 1 Cow., 387.) The sale was not adverse and in hostility to the indorsers, but by them.  They gave no notice to the plaintiff, who was the purchaser, nor was notice given to any one at the sale that there were any equities in favor of the indorsers.  Nor was it stated for whom the sale was made.  For aught that appeared, the seller was the owner and holder of the note, claiming it as well against the indorsers as the maker.  Indeed, it appearing from the notorial papers that the note had been protested, and the names of the indorsers not being erased, such would be the presumption.  By the protest and notice, the contract of the indorsers, which was previously contingent, had become fixed, and upon the paper, as it appeared, were as much liable to pay as the maker.  The indorsements were made before the maturity of the note, and no new protest and notice were necessary.  The protest already made and notice given at the time of the maturity of the note, inured to the benefit of the plaintiff as a subsequent holder.

(*Williams* v. *Mathews* 3 Cow., 252.) It was doubtless an oversight on the part of the defendants that they did not erase their names or restrict their indorsement, so as simply to pass title to the note. But the plaintiff was a purchaser for a large consideration, and in good faith, and I think upon the undisputed facts was entitled to recover, if not the full amount of the note, at least his $500 and interest, which he paid for the note.

The judgment should be reversed, and judgment for plaintiff.

All concur in the opinion that the defendants are estopped from denying their liability as indorsers.

Judgment reversed, and judgment ordered for plaintiff upon the verdict.