LEHOW *v.* SIMONTON et al.

1. A plea of set-off setting up a promise good in parol, by the common law, need not show a compliance with the requisites of the statute of frauds. The statute prescribes a rule of evidence, and not a rule of pleading.

2. A third party for whose benefit a simple contract has been entered into for a valuable consideration, moving from the promisee, and upon which the third party might maintain an action against the promisor, such third party may, when sued in assumpsit by the promisor, plead by way of set-off the damages arising from the non-performance of the contract made for his benefit, and if he omits to aver in his plea to whom the promise was made, it will be taken to have been made to the party from whom the consideration proceeded.

*Error to Probate Court of Arapahoe County.*

To a declaration containing the common counts in assumpsit, a plea of set-off, among others, was filed, setting forth that "the plaintiff Simonton, and one W. G. Phifer, then and there, to wit, at the county of Arapahoe aforesaid, being copartners in the city transfer business, under the name and style of the City Transfer Company, were before the commencement of this action indebted to him, the defendant, in the sum of $2,000 for goods, chattels and effects before that time sold and delivered by the defendant to the said Simonton & Phifer at their request. * * * * And being so indebted and being the owners of a large amount of partnership property of great value, to wit, of the value of $6,000, the plaintiff, William H. Pierce, then and there, to wit, long prior to the commencement of this suit and

after the accruing of the indebtedness of said Simonton & Phifer as aforesaid, in consideration of the conveyance, assignment and delivery to him by the said Phifer of the one undivided half of the said copartnership property of the said Simonton & Phifer, the same constituting all of the interest of the said Phifer in the said copartnership and property, and in the further consideration of the forming then and there of a partnership between the said Thomas H. Simonton and William H. Pierce, in the transfer business, theretofore conducted by the said Simonton & Phifer as aforesaid, all of which was then and there done, the said William H. Pierce then and there, and as a part of the consideration of the said purchase, assumed the payment of the undivided one-half of the said indebtedness of the said Simonton & Phifer, to the defendant, and jointly with the said Simonton, then and there promised, agreed and undertook to pay the said indebtedness of the said Simonton & Phifer, to this defendant, whereby the plaintiffs, long prior to the commencement of this action, were, and still are, indebted to this defendant in said sum of $2,000 in manner aforesaid.

Which said indebtedness and sums of money so due the defendant from the plaintiff as aforesaid, exceed the damages sustained by the plaintiffs, * * * * * and out of which said sums of money the defendant is ready and willing and hereby offers to set off and allow to the plaintiffs the full amount of said damages," etc.

A demurrer to this plea was sustained, which is the only question presented by the record.

Messrs. BLAKE & JACOBSON, for plaintiff in error.

Messrs. CHARLES & DILLON, for defendants in error.

WELLS, J.   1. Whatever may be the general rule in the case of a plea, it is certain that the declaration in counting upon a promise good in parol by the common law, need not show a compliance with the requisites of the statute of frauds. The statute prescribes a rule of evidence, and not a

rule of pleading. Steph. Pl. 313,* 374 * ; Brown on Stat. of Frauds, § 505 ; 1 Chit. Pl. (16th Am. Ed.) 245.* Now the plea of set-off is in the nature of a declaration, and in respect to the degree of certainty required, is governed by the same rule. Waterman on Set-off, § 646. The question, whether the undertaking mentioned in the plea is within the statute of frauds, does not arise.

2. It seems to be the settled doctrine of the courts of England at this day, that a stranger to the consideration cannot enforce the contract by an action thereon in his own name, though he be avowedly the party intended to be benefited. 1 Chit. on Cont. (11th Am. Ed.) 74. In this country there are many cases which assert the same rule. *Salmon* 'v. *Brown,* 6 Blackf. 347 ; *Britzell* v. *Fryberger,* 2 Cart. 176 ; *Clapp* v. *Lawton,* 31 Conn. 103 ; *Conklin* v. *Smith,* 7 Ind. 108 ; *Mellen* v. *Whipple,* 7 Gray, 321; *Robinson* v. *Reed,* 47 Penn. St. 115 ; *Exchange Bank* v. *Price,* 107 Mass. 42 ; *Warren* v. *Bachelder,* 15 N. H. 129 ; *McLaren* v. *Hutchison,* 18 Cal. 81, and some others which are not accessible to us.

But as respects simple contracts, the decided preponderance of American authority sustains the action of the beneficiary. 1 Pars. on Cont. 467 * ; 1 Chit. Pl. (16th Am. Ed). 5 *n.* (*n.* 1); 2 Greenl. Ev., § 109 ; *Thorp* v. *The Keokuk Coal Co.,* 48 N. Y. 253 ; *McDowell* v. *Lear,* 35 Wis. 175 ; *Bowhannan* v. *Pope,* 42 Me. 93 ; *Joslyn* v. *N. J. Car Spring Co.,* 36 N. J. L. 141 ; *Myers* v. *Lowell,* 44 Mo. 328; *Saunders* v. *Clason,* 13 Minn. 379 ; *Thompson* v. *Gordon,* 3 Strobh. (S. C.) 196 ; *Scott's Adm'r* v. *Gill,* 19 Ind. 187 ; *Allen* v. *Thomas,* 3 Metc· (Ky.) 198 ; *Draughan* v. *Bunting,* 9 Ired. 10 ; *Hendricks* v. *Lindsay,* 3 Otto, 143; *Beasley* v. *Webster,* 64 Ill. 458 ; *In re Rice,* 9 Bankr. Reg. 375 ; *Bagaley* v. *Waters,* 7 Ohio St. 369, and many others in the reports of the same courts, are to this effect. To harmonize the decisions is impossible. The doctrine of those last quoted, while confessedly an anomaly, seems to us the more convenient. It accords the remedy to the party who in most instances is chiefly inter-

ested to enforce the promise, and avoids multiplicity of actions. That it should occasion injustice to either party seems to us impossible.

3. The plea fails to show to whom the promises relied upon were made; but this is equivalent to stating a promise to the party from whom the consideration proceeded. 1 Chit. Pl. (16th Ed.) 309* (*k.*); and according to *Delaware and Hudson Canal Co.* v. *Westchester Bank,* 4 Denio, 97, this is the proper form of the averment.

Judgment reversed with costs, and cause remanded.

*Reversed.*