## GREEN et al. *v.* RICHARDSON, Ex'r.

A third party for whose benefit a simple contract has been entered into for a valuable consideration moving from the promisee, may maintain an action thereon in his own name, or plead it by way of set-off.

*Appeal from District Court of San Juan County.*

THE case is stated in the opinion.

Messrs. HUDSON & SLAYMAKER, and Mr. C. S. THOMAS, for appellants.

Messrs. WILSON, GERRY & TAYLOR, and Mr. JAMES A. LOWRIE, for appellee.

ELBERT, J.   The complaint alleges that on or about September 17th, 1877, defendants executed their promissory note of that date for $439.45 with interest from date at the rate of two per cent per month until paid, payable on or before October 10th to the plaintiff or order ; that defendants never paid said sum of money or any part thereof either when the same became due, or at any time since then, and plaintiff prays judgment for $439.45 with interest at two per cent per month from September 17, 1877, and for costs of suit.

The defendants interpose the following answer.

" I. The defendants admit that on the day named in said complaint the defendants executed and delivered to the plaintiff the note described in the complaint, and that the same is now due and unpaid.

II. And for further defense, and for a set-off against the plaintiff, defendants allege : *First.* That on July 13, 1877, one Alfred Moison executed and delivered his promissory note to the defendants in their firm name of Geo. Green & Co., and thereby for value received promised to pay to the defendants, as such partners, in sixty days after July 13, 1877, the sum of one thousand one hundred dollars together with interest on said sum from said date until the

same was paid, at the rate of two per cent per month.
*Second.* That on the said date, to secure the payment of said
sum and said note, said Moison executed and delivered to
one N. E. Slaymaker, for theuse and benefit of the defend-
ants, a trust deed upon certain premises situate in the town
of Silverton, San Juan county, State of Colorado, then owned
by said Moison, viz.: Lot number 17 in block No. 11, of said
town.   *Third.* That on July 14, 1877, the plaintiff agreed
by and with said Moison to purchase from him the said
premises at the agreed price of $1,600, and thereupon said
Moison, at the request of the plaintiff, conveyed the said
premises to him and one Emile Charest, and thereupon the
plaintiff, in consideration of said conveyance, agreed by and
with said Moison and then promised to pay to him the sum
of $500, in cash, and to assume and pay to the defendants
the amount due from said Moison to defendants upon the
note of $1,100, hereinbefore described, when said note by
its terms fell due, the said amount then being a lien upon
said premises as the purchase-money for said premises,
and then paid said Moison the sum of $500, in cash.
*Fourth.* That the amount due upon said note by the
terms thereof became due and payable on September 12–
15, 1877, and that the plaintiff has not paid the same.
*Fifth.* That the defendants realized upon the security
given them by said Moison, viz. : said deed of trust on
November 28, 1877, the sum of $930, and there is now due
and unpaid upon said note the sum of $263.50, together
with interest thereon at the rate of two per cent per month
from November 20, 1877, which said sum and interest the
defendants claim as a set-off against any amount which may
be due from them to the plaintiff upon the cause of action
set forth in the complaint, and for which they ask judg-
ment against the plaintiff." To this answer the plaintiff
demurred, assigning as ground of demurrer : " *First,* the
answer is insufficient in law.   *Second,* the promises claimed
to have been made by plaintiff constitute no ground of
defense or set-off.   *Third,* plaintiff is not liable upon the

promises claimed in the answer. *Fourth,* the answer sets up no ground of defense."

The demurrer was sustained, and the defendants, electing to stand by their answer, judgment was entered for the plaintiff.

The court erred in sustaining the demurrer. · The promise of the plaintiff set up in the answer was not an undertaking to answer for the debt, default, or miscarriage of another, but to pay his own debt in a particular manner. It was an original undertaking and not within the Statute of Frauds. Brown on Stat. of Frauds, §§ 165, 166. A third party, for whose benefit a simple contract has been entered into for a valuable consideration, moving from the promisee, may maintain an action in his own name, or may plead it by way of set-off. · *Lehow* v. *Simonton et al.,* 3 Col. 346.

The judgment of the court below is reversed and cause remanded.

*Reversed.*