## GREEN ET AL. v. MORRISON.

A third party for whose benefit a simple contract has been entered into for a valuable consideration moving from the promisee may maintain an action in his own name, or may plead it by way of set-off.

*Appeal from District Court of San Juan County.*

The case is stated in the opinion.

Messrs. HUDSON & SLAYMAKER, and Mr. C. S. THOMAS, for appellants.

Messrs. WILSON, GERRY & TAYLOR, and Mr. JAS. A. LOWRIE, for appellee.

ELBERT, J. The complaint alleges that on or about September 17th, 1877, defendants executed their promissory note of that date for $439.45, with interest from date at the rate of two per cent. per month until paid, payable on or before October 10th, to the plaintiff or order; that defendants never paid said sum of money or any part thereof either when the same became due, or at any time since then, and plaintiff prays judgment for $439.45, with interest at two per cent. per month from September 17th, 1877, and for costs of suit.

The defendants interpose the following answer:

"I. The defendants admit that on the day named in said complaint the defendants executed and delivered to the plaintiff the note described in the complaint, and that the same is now due and unpaid.

"II. And for a further defense and for a set-off against the plaintiff, defendants allege: *first*, that on July 13th, 1877, one Alfred Moison executed and delivered his promissory note to the defendants in their firm name of Geo. Greene & Co., and thereby for value received promised to pay to the defendants, as such partners, in sixty days after said July 13, 1877, the sum of $1,100, together with interest on said sum from said date until the same was paid, at the rate of two per cent. per month. *Second*, that on the said date, to secure the payment of said sum and said note, said Moison executed and delivered to one N. E. Slaymaker, for the use and benefit of the defendants, a trust deed upon certain premises situate in the town of Silverton, San Juan county, State of Colorado, then owned by said Moison, viz.: lot No. 17, in block No. 11, in said town. *Third*, that on July 14, 1877, the plaintiff agreed by and with said Moison, to purchase from him the said premises at the agreed price of $1,600, and thereupon said Moison at the request of the plaintiff conveyed the said premises to him, and one Emile Charest, and thereupon the plaintiff in consideration of said conveyance, agreed by and with said Moison, and then promised to pay to him the sum of $500 in cash, and to assume and pay to the defendants the amount due from said

Moison to defendants upon the note of $1,100, hereinbefore described, when said note by its terms fell due, the said amount then being a lien upon said premises, as the purchase-money for said premises, and then paid said Moison the sum of $500 in cash. *Fourth*, that the amount due upon said note by the terms thereof, became due and payable on September 12th–15th, 1877, and that the plaintiff has not paid the same. *Fifth*, that the defendants realized upon the security given them by said Moison, viz., said deed of trust on November 28th, 1877, the sum of $930, and there is now due and unpaid upon said note the sum of $263.50, together with interest thereon at the rate of two per cent. per month from November 20, 1877, which said sum and interest the defendants claim as a set-off against any amount which may be due from them to the plaintiff, upon the cause of action set forth in the complaint and for which they ask judgment against the plaintiff."

To this answer the plaintiff demurred, assigning as grounds of demurrer, "*first*, the answer is insufficient in law. *Second*, the promises claimed to have been made by plaintiff, constitute no ground of defense or set-off. *Third*, plaintiff is not liable upon the promises claimed in the answer. *Fourth*, the answer set up no ground of defense."

The demurrer was sustained, and the defendants electing to stand by their answer, judgment was entered for the plaintiff.

The court erred in sustaining the demurrer. The promise of the plaintiff, set up in the answer, was not an undertaking to answer for the debt, default or miscarriage of another, but to pay his own debt in a particular manner. It was an original undertaking, and not within the Statute of Frauds. Browne on Stat. Frauds, Sec. 165, 166. A third party, for whose benefit a simple contract has been entered into for a valuable consideration, moving from the promisee, may maintain an action in his own name, or may plead it by way of set-off. *Lehow* v. *Simonton et al.*, 3 Colorado, 346.

The judgment of the court below is reversed, and cause remanded.

*Reversed.*