[No. 4348.]

McIntire v. Schiffer et al.

1. **Appellate Practice — Pleading — Amendment — Departure — Waiver.**

An objection to an amended complaint on the ground that it changed the cause of action, if not raised in the trial court, cannot be raised on appeal.

2. **Evidence—Admissions—Bills and Notes.** ·

In an action against a wife upon a note executed by the husband on the ground that the wife had assumed its payment a conversation had between plaintiff and the husband in which the husband stated that he had made arrangements with his wife to deed her his land for the purpose of enabling her to borrow money with which to discharge the note was admissible in evidence, where it was shown that the conversation was communicated to the wife and that she admitted that such arrangement had been made between her and her husband.

3. **Bills and Notes—Evidence—Attachment.**

In an action against a wife upon a note of her husband, on the ground that she had assumed its payment, evidence that it was the intention of plaintiff to have attached the husband's property if the wife had not assumed the note, did not affect the issues and was not prejudicial.

4. **Bills and Notes—Statute of Frauds—Assumption by Wife of Payment of Husband's Note.**

· Where a husband conveyed land to his wife under an arrangement that she should borrow money on the land and pay off his

note and she promised the payee to pay the note when she should borrow the money, and she did borrow money on the land sufficient to pay the note, the transaction constituted an original contract on her part to pay the husband's note not within the statute of frauds, and without regard as to whether or not the payee accepted the wife as his debtor in lieu of the husband.

**5. Same—Action Against Husband.—Waiver.**

Where a husband conveyed land to his wife under an arrangement that she should borrow money thereon and pay off his note, which she agreed with the payee to do, and she did borrow money sufficient to pay the note, the commencement of an action against the husband on the note was not a waiver of the right of action against the wife nor did it preclude the enforcement of the claim against the wife unless by the action against the husband she was prevented from carrying out the arrangement under which the land was conveyed to her.

*Appeal from the District Court of Conejos County.*

Appellees, as plaintiffs, brought an action against appellant and Albert W. McIntire, as defendants, upon the promissory note of the latter, alleging in substance as a cause of action against appellant, that at the time of the maturity of such note the defendants were the several owners of land upon which they promised plaintiffs to secure a loan and discharge such note, and also one due plaintiffs from appellant; that at this time plaintiffs were about to sue out an attachment against Albert W. McIntire, and levy upon the lands and other property which he had theretofore conveyed to Mrs. McIntire; that the latter then promised plaintiffs that if they would not institute such suit, she would assume and pay the note in question as well as her own, in consideration of which they forebore bringing any action. That in pursuance of this agreement, and for the purpose of indemnifying her on account of her assumption to pay the note, and in order to enable her to raise funds with which to discharge the same, she received a conveyance from Albert W. McIntire of lands in his

name upon which she afterwards, in connection with lands belonging to her, secured a loan for the purpose of paying this note and her own. The case was dismissed as to Albert W. McIntire, and thereafter an amended complaint was filed against appellant, wherein it was alleged, in addition to what was stated in the original complaint, that the plaintiffs, relying upon her promise to pay the note, accepted her as their debtor in place of the maker. To this amended complaint appellant interposed a general demurrer, which was overruled. She then answered, denying her promise to pay the note in question, and as a second defense, set up the statute of frauds in bar of any action against her. On the trial testimony was introduced to the effect that one of appellees had talked with Albert W. McIntire about paying his note; that he informed witness he had made arrangements with Mrs. McIntire to deed her the land in his name for the purpose of enabling her to borrow money on such land, as well as her own, with which to discharge his note, as, also, the one she was owing appellees. This conversation, so the witness states, was communicated to Mrs. McIntire, who, according to the statements of witness, told him that such an arrangement had been made between herself and Mr. McIntire, and that she would secure a loan and pay both notes. She denies ever having made this statement. The witness also stated that at the time of this conversation with appellant, it was his intention to attach the land of Mr. McIntire if defendant had not agreed to pay the note. Albert W. McIntire conveyed her the land standing in his name. After this transaction correspondence regarding the matter was had between plaintiffs and appellant. In her letters to them on the subject, she stated, in effect, that no loan as yet had been arranged; that appellees were perfectly safe, for she would do nothing to in-

terfere with their interests; that she was not going
to get away with the land; that "we (evidently re-
ferring to Albert W. McIntire and herself) intend to
take up both notes," and that if they would only have
patience, both would be paid.  She afterwards, and
before this action was commenced, secured a loan
upon the lands conveyed by Albert W. McIntire and
her own in excess of the amount necessary to dis-
charge both notes.  It appears from the testimony
that prior to the bringing of this action, plaintiffs
had brought suit upon the note first, against the mak-
er, which was afterwards dismissed on their own mo-
tion; next, against him and Mrs. McIntire, in which
it was alleged as against her that she had agreed to
become jointly liable to them on the note.  This ac-
tion was also dismissed.  The trial was to the court,
and the judge, after reviewing the testimony above
noticed, appears to have found as a fact, although not
expressly stated, that Albert W. McIntire had con-
veyed to Mrs. McIntire the land in his name for the
purpose of enabling her to borrow money with which
to discharge his note, and concluded, that this ar-
rangement constituted an original contract not with-
in the statute of frauds.  From a judgment in favor
of plaintiffs, the defendant appeals.  Her counsel
contend that the trial court erred (1) in permitting
a new complaint to be filed which changed the cause
of action; (2) in admitting incompetent and prejudi-
cial evidence, and (3) in rendering judgment for the
plaintiffs.

Mr. Z. T. Brown and Messrs. Patterson, Rich-
ardson & Hawkins, for appellant.

Mr. W. E. Cox and Messrs. Goudy & Twitchell,
for appellees.

Mr. Justice Gabbert delivered the opinion of
the court.

It is not necessary to determine whether or not the amended complaint changed the cause of action. Appellant did not raise that question in the trial court. She answered, and went to trial without a suggestion or objection that a new cause of action had been introduced by the amended complaint; consequently, the point now made cannot be considered on appeal.—*King v. Rea,* 13 Colo. 69.

The alleged error of the trial court in admitting incompetent testimony is based upon the reception of what Albert W. McIntire stated to one of the appellees relative to the arrangement he had made with Mrs. McIntire, to convey her his property. As an independent conversation this testimony may have been incompetent, but where, as in this instance, it was communicated to appellant, as claimed by the witness, and she stated that such an arrangement had been effected between herself and husband, and it formed the basis of an arrangement between the plaintiffs and herself to the effect that she would carry out the agreement and pay the note from money to be borrowed on the lands conveyed to her, it was competent for the purpose of establishing the mutual arrangement claimed by plaintiffs to have been entered into between the parties to this action and Albert W. McIntire. It is also claimed that the court erred in allowing the witness to testify that at the time of this conversation between himself and Mrs. McIntire, it was the intention of plaintiffs to attach the property of Albert W. McIntire, if appellant had not assured him of the arrangement between herself and husband, and promised to assume and pay the note. This may have been incompetent, but clearly it could not affect the issues between the parties, and therefore was not prejudicial.

The important questions are those argued by counsel for appellant in support of their contention

that the court erred in rendering judgment for plaintiffs. They contend that the evidence wholly fails to establish that plaintiffs accepted appellant as their debtor in lieu of the maker of the note, and that her promise, if any, to discharge the indebtedness thereby represented was within the statute of frauds. The principle of novation is not necessarily involved, and the real question is, whether or not the evidence establishes an agreement between the plaintiffs, appellant and the maker of the note, which rendered appellant liable for the indebtedness represented by such note. If this agreement embraced nothing more on her part than a mere verbal promise to pay that indebtedness, then it is within the statute of frauds, and cannot be enforced. On the other hand, if the real substance of her agreement was to perform an obligation growing out of the transfer of the lands to her, then her promise to perform that obligation was her own, and therefore not within the statute of frauds, though in form it may have been an agreement to discharge that indebtedness, and the result of its performance is to discharge it.—8 Enc. Law, 1st ed. 678. The court found, as a mixed question of law and fact, that the agreement between plaintiffs and defendant constituted an original contract, and therefore was not within the statute of frauds. The evidence is certainly sufficient to sustain this conclusion. There was testimony to the effect that the maker of the note had agreed with appellant to transfer lands in his name to her, upon which she was to borrow money and discharge his note due the plaintiffs, and that the latter had accepted this arrangement. There is also testimony to the effect that she agreed with the plaintiffs, when such transfer was made, to borrow money to pay them this note. Her letters to them on the subject indicate that she recognized she was under obligations to them with respect to this

note on account of the conveyance of the land from Albert W. McIntire, for she informed them that she was not going to get away with the land, or do anything which would interfere with their interests, and that a loan was being negotiated with which to take up both notes. Her letters to this effect were written after she had received a conveyance of the land from Albert W. McIntire. She has negotiated a loan upon these lands in connection with her own which was more than sufficient to discharge the notes against herself and Albert W. McIntire, which were held by the plaintiffs. The agreement between the parties may not have discharged the maker of the note, but that is immaterial. By accepting a conveyance of the land, and negotiating a loan thereon under an agreement with the plaintiffs and the maker of the note that she would discharge the note of the latter held by the former out of the money thus realized, she agreed to perform an obligation of her own, resulting from an original transaction to which she was a party. While this agreement was, in effect, a promise to pay the debt of another, and the result of its performance will have this effect, it was nothing more than a promise to perform an obligation in consideration of which the lands were conveyed to her by Albert W. McIntire. This, as the trial court held, constituted an original contract upon her part not within the statute of frauds.—*Green v. Richardson,* 4 Colo. 584; *Feldman v. McGuire,* 55 Pac. 872; *Gilmore v. Skookum Box Factory,* 56 Pac. 934; *Shufeldt v. Smith,* 40 S. W. 887; *Hilton v. Densmore,* 21 Maine 410; *Calumet Paper Co. v. Stotts Inv. Co.,* 64 N. Y. 782; *Rothermel v. B. & Z. Coal Co.,* 79 Ill. App. 667; *First Nat'l Bank v. Chalmers,* 144 N. Y. 432.

The other questions argued on behalf of appellant are directed principally to those matters which might affect the credibility of the witness on behalf

of the plaintiffs. We do not think it necessary to go into this question, because these were matters which it was the peculiar province of the trial judge to determine. They might be of special importance if it were true that plaintiffs could not recover except upon the theory that they had accepted appellant as their debtor in lieu of the maker of the note, but, as we have said, and as some of the authorities above cited hold, that question is not material, because, under the facts as found by the court, and as established by the record, appellant made the debt her own, irrespective of the liability of the principal debtor, and became primarily liable for its discharge. In such circumstances, the commencement of an action against Albert W. McIntire was not a waiver of the right to hold her responsible upon her promise. Neither did the suit against Albert W. McIntire preclude plaintiffs from enforcing their claim against appellant, in the absence of a showing that by such action she was prevented from carrying out the arrangement under which the lands had been conveyed to her.

The judgment of the district court is affirmed.

*Affirmed.*