[No. 5187.]
[No. 2793 C. A.]

MOORE, TREASURER OF CITY OF OURAY, v. THE FIRST NATIONAL BANK OF OURAY ET AL.

1. **Bills and Notes—Indorsements—Re-indorsements—Indorser's Liability—Estoppel.**

A note, after having been indorsed to a bank, was indorsed by the bank to its president for collection, who later re-indorsed it to the bank without recourse; and the latter, without striking out its indorsement to the president or adding further indorsement, transferred the note by delivery to plaintiff. The indorsement was not left by mistake, accident, or oversight. Held, that the bank is estopped to deny its liability, regardless of whether the re-issue was before or after maturity; and that such indorsement passed the legal title, fixed the indorser's liability, and authorized an action direct against it as indorser. —P. 343.

2. **Contracts—Payment of Debts—Obligation to Third Parties.**

Where defendants, in consideration of an assignment to them of all a bank's assets, agreed to pay all its liabilities aggregating about a specified sum, they are liable for the payment of a note on which the bank is liable as an indorser, for the estimate of the sum of the liabilities does not limit to that amount the liabilities which the individual defendants assumed. —P. 344.

*Appeal from the District Court of Ouray County.*
*Hon. John T. Shumate, Judge.*

Action by Isabel L. Moore, as treasurer of the city of Ouray, Colorado, against The First National Bank of Ouray, Colorado, and J. E. McClure, Theron Stevens and George R. Hurlburt, copartners, doing business as the Bank of Ouray. From a judgment in favor of defendants, plaintiff appeals.

*Reversed and remanded.*

Mr. THOMAS Y. BRADSHAW and Mr. T. W. EMERSON, for appellant.

Messrs. STORY & STORY, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action by an indorsee against an indorser of a promissory note.

The Milwaukee Mining Company executed its promissory note for $5,000, payable to the order of J. A. Hinsey, which was afterwards indorsed and delivered by the payee to The First National Bank of Ouray. Thereafter the bank indorsed and delivered it to L. L. Bailey, its president, presumably for the purpose of collection. Bailey brought suit on the note against the maker, and caused a writ of attachment to be issued and levied upon its property.

There was no defense to the action, but before judgment was taken, negotiations were begun between Bailey, representing the bank, and the officers of the city of Ouray, for a trade or exchange of the note by the bank for certain of its certificates of deposit which the city held aggregating about $5,000, these certificates representing funds which the city had on deposit with the bank. The exchange was consummated, the city giving up its certificates to the bank in exchange for the note with the bank's indorsement remaining thereon; the complaint alleg-

ing that the bank, as a part of the consideration, agreed with the city that the bank's indorsement theretofore placed upon the note should constitute, and be in lieu of, a new and present indorsement, and that the bank would be liable to the city as an indorser without other or further indorsement being made by it; and the city relying and acting upon the strength of such agreement of indorsement, parted with its securities.

Bailey took judgment upon the note against the maker, and assigned this judgment to the city. Execution was issued and returned unsatisfied owing to the fact that a prior attachment in another suit in another court was issued and levied upon the property of the maker, and all of its property was thereafter levied upon thereunder and sold to satisfy the prior lien. The judgment secured by Bailey was worthless, and the mining company, the maker, insolvent.

The indorsements upon the note at the time it came into possession of the city and when this action was begun, thus appear in the order as made:

"Pay to the order of The First National Bank of Ouray, Colorado; demand, notice and protest waived.                                    J. A. HINSEY.

"Pay to the order of L. L. Bailey. First National Bank of Ouray, by A. G. Siddons, Cashier.

"Pay to the order of The First National Bank of Ouray without recourse on me.     L. L. BAILEY."

After the transfer of the note to the city, the bank became insolvent and ceased to be a going concern, whereupon the defendants McClure, Hurlburt and Stevens submitted to it a proposition in writing, which was accepted, whereby they agreed to assume and pay all its liabilities as a consideration for the transfer to them of all its assets.

This action was brought by Moore, as treasurer of the city of Ouray, the successor of Charles F. Jordan, to whom, in his official capacity, the note in controversy and judgment had previously been assigned, against The First National Bank of Ouray and against McClure, Hurlburt and Stevens upon their assumption of its liabilities. To an amended complaint setting up substantially the foregoing facts, the defendants severally filed demurrers upon two grounds: First, that the amended complaint was a departure from the original; and, Second, it did not state facts sufficient to constitute a cause of action against any of the defendants. As Stevens, one of the defendants, was the judge of the court in which the action was brought, Judge Stimson, judge of another district, was called in to hear the demurrer, and he overruled it as to both grounds.

The defendants then filed their answer to the amended complaint, putting in issue some of its averments, to which a replication was filed. The answer and replication become immaterial upon this review, as do the rulings on the demurrer, because, after the issues were made up and Judge Shumate, judge of another district, had been called in to try the cause upon the merits, he sustained the objections of defendants to the introduction of any evidence by plaintiff in support of the amended complaint upon the ground that therein no cause of action was stated as against any of the defendants in the action. Afterwards the plaintiff made specific and detailed offers of proof in its support, which were likewise refused.

The question upon this appeal is as to the sufficiency of the amended complaint. It would seem, from the foregoing statement of its averments, confessed by the demurrer, that the plaintiff ought to recover. The maker of the note was insolvent, and, after maturity, and while it was in possession of the

First National Bank, or of its president, legal attempt to enforce payment resulted in failure. As a consideration for the note, the city delivered up certificates of deposit aggregating about $5,000. If it fails to recover in this action, that amount of public money is lost. A consideration of the specific objections which defendants make to the amended complaint is probably the best way to dispose of the appeal.

There are two branches to the case: First, the question as to the liability of the bank; Second, as to the liability of the defendants McClure, Stevens and Hurlburt. All of the transactions occurred while the statute enacted in 1865, entitled "Bonds, Bills and Promissory Notes," was in force. (Mills' Ann. Stats., §§ 244 et seq.). The defendants' contentions in support of the ruling of the court refusing the offer of proof and entering judgment for defendants are thus stated by them: (1) That the legal effect of the indorsement as made by Bailey, for the purpose of re-transferring the note to the bank, was to cancel both the bank's and Bailey's indorsements thereon; and, if this be not true, it limited the payment of the note to an order made by the bank; (2) that, under our statute, the note could be assigned so as to transfer the legal title from the bank to the city only by a written indorsement thereon, and, conceding that delivery of the note would constitute an equitable assignment of the bank's interest therein, it gave to the city, or the plaintiff's predecessor in office, the city treasurer, only those rights which the First National Bank had, viz., the right to collect the note as against the maker and Hinsey, the payee, who was the first indorser; that, under the common-law rule, suit upon this note could be brought only in the name of the First National Bank, and the bank could not sue itself; that, while the code authorizes the real

party in interest (the equitable owner of a note) to sue thereon in his own name, that provision creates no liability against the holder of the legal title, as the mere delivery of the note by the bank to the city treasurer created no liability against him, as holder of the legal title.

To the first proposition defendants cite *Adrian v. McCaskill,* 3 L. R. A. 759. That case lays down no such doctrine as they assert. It was there ruled that, when a note has been assigned and goes out on a certain line which subsequently proves to be a collateral line, and thereafter comes back to the party who thus sent it out with the names of some of the collateral indorsers remaining thereon and is then reissued after maturity, neither the party to whom it is reissued, nor that party's assignees, can proceed against any of the indorsers in the collateral line, because such indorsers are not in the line through which such party or his assignees trace title; in short, that a prior indorser cannot recover from a subsequent one. If the reasoning of that case be applied to this, instead of supporting the contentions of defendants, it is authority for the claim of the plaintiff that, when Bailey indorsed the note and retransferred it to the bank, the Bailey transaction was wiped out, and title was left in the bank; and when it subsequently delivered the note to the city treasurer with its indorsement thereon, even though this indorsement was put upon the note at the time of the transfer by the bank to its president for a special purpose, the bank is liable to its transferee precisely as it would be if the indorsement was in blank, general and unrestricted, and made at the time of the transfer.

Defendants say that, under our statute, as previously construed by the supreme court of Illinois, from which state it was taken, the legal title to a

promissory note can only be transferred to an assignee by an indorsement on the note itself by the person having the legal title. Delivery passes the equitable, but not the legal, title. The defendants, therefore, assuming that the bank transferred the note to the city treasurer only by delivery, argue that thereby the equitable, and not the legal, title passed; hence, even if this suit had been brought, as required by the common law, in the name of the bank for the use of the plaintiff, no judgment could have been taken by the bank against itself; and as, by delivery, the city acquired only an equitable title, being only such as the bank itself had, the bank, by mere delivery, did not assume the liability of an indorser, and no action upon the note by the city against it would lie.

Whatever may be said of this contention, if the assumed fact of transfer by delivery only was true, it is entirely foreign to this case if the assumption of fact upon which it is based is not borne out by the record. First, it is observed that plaintiff does not rely on a transfer by delivery. She asserts what, in a legal sense, is an indorsement in blank. In the amended complaint there is an allegation that, at the time the city surrendered to the bank its certificates of deposit and received therefor this note, the bank agreed with the city treasurer that its former indorsement still remaining upon the note should stand in lieu of a present indorsement. But it is apparent that plaintiff claims nothing by virtue of the contemporaneous agreement which defendants say was oral, though the complaint does not say it was of that character, and, while there is not an averment in the complaint, in those words, that at the time this transaction took place the bank indorsed the note, yet there are allegations of the various indorsements upon the

note which are stated to have been there at the time the note was delivered by the bank to the city.

These allegations show that the bank indorsed this note to Bailey, its president, for a special purpose, which purpose was accomplished. Afterwards the bank, indorser, received back the paper from Bailey, and thereafter reissued it for value without striking out its former indorsement. This indorsement was not left by mistake, accident or oversight. Plaintiff's contention, which we think is correct, is that, under the facts, the bank is estopped to deny its liability thereon as indorser, and it makes no difference whether the reissue was before or after maturity. *Brook, Oliphant & Co. v. Vannest,* 58 N. J. Law 162, supports this proposition, and *St. John v. Roberts,* 31 N. Y. 441, seems to us conclusive upon the subject. The indorser is held liable upon the doctrine of estoppel. The city was certainly a purchaser for a large consideration and in good faith, and the bank, in reissuing and delivering to it the note without erasing its former special indorsement, in legal effect then indorsed the note in blank. That such indorsement passes the legal title, fixes the indorser's liability and authorizes this action by the city as indorsee directly against the bank as indorser, is too plain for argument.

In thus disposing of the case, we do not invoke the doctrine announced in *Doom v. Sherwin,* 20 Colo. 234, that, though indorsement by the payee of a note is necessary to transfer title, indorsement by his transferee is not necessary, as he can pass title by delivery, since plaintiff does not rely upon this rule, and counsel have not cited the case to this effect.

Defendants' objections to the cause of action alleged against the individual defendants McClure and others are:   (1) that no liability against the bank has been stated, consequently none against these de-

fendants; and (2) if a liability as against the bank is pleaded, the complaint fails to allege that the contract whereby McClure and others assumed all the liabilities of the bank was made, or intended by the parties to be, for the benefit of the plaintiff. These objections are not well taken. We have held that the complaint states a cause of action against the bank.

It further charges that, in consideration for a transfer to them by the bank of all its assets, McClure and others assumed and agreed to pay all its liabilities, aggregating about the sum of $41,000. Facts are alleged in the pleading from which it necessarily follows that the note sued on is one of the liabilities of the bank, and that the individual defendants agreed to pay all its liabilities. The complaint clearly brings the plaintiff within the class for whose use and benefit the contract was directly made.—*State v. St. L. & S. F. Ry. Co.*, 125 Mo. 596; *Rohman v. Gaiser*, 53 Neb. 474; *Lehow v. Simonton*, 3 Colo. 346; *Green v. Richardson*, 4 Colo. 584; *Green v. Morrison*, 5 Colo. 18.

The estimate of the sum of the liabilities at $41,-000 does not limit to that sum the liabilities which the individual defendants assumed. At all events, if the pleading is vulnerable at all, it is on the ground of uncertainty, and no such objection was taken below. As against a general demurrer, the amended complaint is good.

In thus disposing of the case, we assume, as we must, the truthfulness of the allegations of the complaint. What facts the trial may disclose, we do not know.

Judgment reversed, and cause remanded for a new trial.                     *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.