FRANK P. DEVENS, Appellant, v. ARBA S. VAN VALKENBURG, Respondent.

Kansas City Court of Appeals, December 18, 1915.

1. **BILLS AND NOTES: Mortgage: Reissuance: Limitations.** Where a party liable for the payment of a promissory note takes it up by paying the amount thereof to the payee, but does not cancel it and afterwards reissues it as a subsisting obligation, it becomes binding upon him as though originally issued and the period of limitation will be governed from reissuance and not from origin of the note.

2. ———: **Extension of Time: Reissuance: Limitations.** A note was executed by A to B together with a deed of trust on land to secure it. A sold the land to C subject to the deed of trust, but C did not assume payment of the note. The note became due and C obtained an extension of time for three years by signing an agreement on the back of the note no to claim a right to pay the note until the extension expired and in the meantime to pay the interest thereon. When the extension expired C paid the money due thereon to B but did not cancel it. He held it for more than two years when he delivered it to D as collateral to secure payment of a note for money then borrowed of D, and afterwards made at least one payment of interest to D on the collateral. It was held to be, in effect, a reissuance of the note by C to D, and that the Statute of Limitations would be applied from reissuance and not from origin of the note.

3. **EXECUTED CONTRACT: Consideration.** Where a party performs a contract for extending the time for payment of a note by actually forbearing for that time, it is too lote to invoke a want of consideration for his agreement.

4. **MORTGAGE: Purchse Subject to Mortgage: Payment of Interest.** Where one not a party to a note secured by mortgage purchased the land conveyed by the mortgage and though he did not assume the note, pays the interest on it, that act will toll the Statute of Limitations as to the mortgage.

5. **EQUITY: Injunction: Payment.** Whether equity will enjoin the foreclosure of a mortgage securing a note barred by the Statute of Limitations except upon condition that the court be paid, is not decided.

Appeal from Jackson Circuit Court.—*Hon. Harris Robinson*, Judge.

AFFIRMED.

*Calvin & Rea* for appellant.

*Rozzelle, Vineyard & Thacher* and *James K. Houghton* for respondent.

ELLISON, P. J.—This is a proceeding to enjoin a sale under a deed of trust made to secure the payment of a promissory note and to cancel such note. The trial court found for defendant.

Devens v. Van Valkenburg.

It appears that on the 22nd of April, 1893, William Fayerweather gave his note to one Shryock, due in five years, for $1800, and also gave him a deed of trust, to defendant as trustee (the deed in question), on certain lands to secure its payment. Afterwards on the 15th of September 1897, plaintiff became the owner of the land subject to the deed of trust. Afterwards, on the 22nd of April, 1901, plaintiff took up the note from Shyrock by giving him the money for it. He says he thereby paid it and defendant says he did not. At any rate, it was not marked paid. Plaintiff held the note uncancelled for more than two years when, on the 27th of November, 1903, he executed a note to Kate Sharp for $1000 due in six months and pledged this overdue $1800 note, so secured by the deed of trust, as collateral security for its payment. Afterwards Sharp's administrator began proceeding to foreclose the deed of trust securing the $1800 thus pledged by plaintiff to secure the $1000 note, and this action followed to enjoin the sale and cancel the note as already stated.

Plaintiff's claim is that the $1800 note became barred by the Statute of Limitations in April, 1908, ten years after it originally fell due. We think the facts stated and those we will now relate show that his claim is not well founded, as against this plaintiff. In April, 1898, when the $1800 note became due, plaintiff obtained an extension of time of payment from Shyrock for three years by signing the following contract on the back of it:

"This note is extended- 3- years from 4/22/98, its date of maturity with interest at the rate of six per cent per annum payable semiannually as evidenced by six interest notes for 54. dollars each, hereto attached and made a part hereof. The further conditions of this extension are that the deed of trust now on record in Recorder's Office securing this note, shall continue in force for the security of this note, as extended, and

the interest notes above referred to, with all the conditions and provisions in said deed recited; especially the right to declare the whole debt due and payable and to foreclose for default in the payment of said note, any part thereof, or the interest thereon when due, as evidenced by said coupons and for other defaults mentioned in said deed, and that the payee shall not be bound to receive the principal or any part thereof until the expiration of 3 years from 4/22/98. Notice of nonpayment and protest hereby waived.''

It is thus seen that plaintiff had become the owner of the land on which was the deed of trust securing Fayerweather's note to Shryock for $1800. It is also seen that in April, 1901, when the three years extension ended, he paid the amount of the note and interest and received it from Shyrock; but he did not cancel or destroy it. On the contrary, more than two years afterwards he pledged it to Sharp with the above endorsement thereon as security for the $1000 he borrowed of the latter and afterwards made one or more payments of interest on it to Sharp who, as above stated, was holding it as collateral.

If plaintiff had been a party to the note he would be held, by this act, considering it as an endorsement, to have reissued it and it would have become his obligation with a period of limitation running ten years. This time had not expired when defendant began to foreclose. [Kelly v. Staed, 136 Mo. 340; Sater v. Hunt, 66 Mo. App. 527; Hawkins v. Weist, 167 Mo. App. 439; Moore v. Bank, 38 Colo. 336.]

But he was not a party to the note and his endorsement on its face, is not an ordinary commercial endorsement, but simply a contract for an extension of time, with the further stipulation that plaintiff would keep the money for the full period of extension and pay interest during the extension for which he executed his notes; and that he would waive any demand at the expiration of the extension. These facts as against

this plaintiff, ought not to distinguish the case, in effect, from the ordinary reissuance of paper by one who was originally a party to it, since the fact remains that he issued the note to Sharp as a valid obligation, at least against the land, and he paid interest on it to Sharp as late as May, 1904. These facts prevented the bar of limitations as against the right to sell the land until long after defendant began foreclosure proceedings, and placed the case clearly outside the line of authority cited by plaintiff as to a stranger voluntarily paying interest.

Plaintiff finally claims that his endorsement of the note when the three years extension was given him was without consideration. We do not see how plaintiff can be allowed to go back to the transaction for extension, since he afterwards issued the note as a valid obligation and on every principle of justice should now be estopped from saying that it was not. But plaintiff's position is wrong in any event. For while he was not originally a party to the note, he owned the land securing its payment and in order to obtain a loan from Sharp, pledged the note, secured by the land, to Sharp as security for such loan.

And, aside from these suggestions, the period of extension had run and the agreement for such extension had been performed. We do not see what right plaintiff has, at this day, to bring forward a question of consideration for an agreement already performed. His transferring the note to Sharp after the expiration of the extension and his several payments of interest on it after such transfer, are past transactions performed by him. Plaintiff is not in position to invoke want of consideration for the extension. The point against plaintiff, as already stated, is that he issued the note as a valid obligation.

Plaintiff has cited us to Regan v. Williams, 185 Mo. 620. It was held in that case, that payment of interest on a note secured by a deed of trust, by a

grantee of the land who assumed to pay the note, would not toll the Statute of Limitations as to the maker; but it was not held that it would not have that effect as to the grantee who made the payment. It may be admitted, in this case, that plaintiff was a stranger to Fayerweather, the maker of the note, but he introduced himself to the transaction by purchasing the land subject to the deed of trust securing the note.

What we have just said approaches a point, not necessary to a decision of this case, but suggested by defendant, to the effect that where one not a party to a note secured by a mortgage (or deed of trust) purchases the land conveyed by the mortgage deed subject to the mortgage, but not assuming the note, pays interest on it, that act will toll the statute as to the mortgage. [Hollister v. York, 59 Vt. 1; Cook v. Atkins, 173 Ala. 363, 371; McLaughlin v. Senne, 78 Neb. 631, 634; McLane v. Allison, 60 Kan. 441; Murray v. Marshall, 94 N. Y. 611.]

In response to this point, plaintiff has cited us to Frase v. Lee, 152 Mo. App. 562, as opposing it. That case was an action on the *note* secured by a deed of trust and to foreclose such deed, and, on that account, is distinguished from the cases just cited, the point now made not being referred to by Judge Cox. However, we need not enter upon a discussion of such question since we have decided the case without reference thereto.

What we have said disposes of other objections. The judgment must be affirmed. All concur.